Isidore Levine, J.
Petitioner, as the mother of David H., a physically handicapped child, seeks an order from this court directing that the City of New York pay $2,500 toward the tuition of said child, age 11, at the Lifeline Center for Child Development, since he is a physically handicapped child pursuant to section 232 of the Family Court Act, in that he. suffers from schizophrenia of childhood, evidenced by a short attention span, inability to conform to classroom routines, hyperactivity and distractibility, auditory hallucinations, fears and phobias and a thinking disorder, all of which make him uneducable in the tuition-free schools of the City and State of New York.
Petitioner is a widow, age 50, whose husband died about a year and a half ago, leaving behind three children with petitioner, ages 20, 17, and the handicapped child age 11. The 20-year-old is employed, but the 17-year-old attends Queensborough Community College. Petitioner is unemployed, having been a housewife during all of her married life, and has the following assets:
1. $39,000 approximately, of a $40,000 life insurance policy left to her as beneficiary upon the death of her husband.
2. A one-family house, formerly owned by her and her husband in Queens, New York, on which there is presently a $5,000 mortgage, and wherein petitioner lives with her children.
3. A quarter interest with her father in a two-family house purchased before her husband’s death, in which she and her *60 husband invested $4,500 before his death, on which the rent received is $245 per month and on which the expenses are $750 to $800 per month.
4. A checking account with an average balance of $500;
5. A 1969 Ford.
The sole income of petitioner is $396 per month from Social Security.
In connection with the $39,000 presently remaining out of the $40,000 life insurance proceeds left by her deceased husband, the testimony further revealed that the petitioner also received, a death benefit of $5,000 from the decedent’s union, but all of this was spent during the year and a half following her husband’s death, plus the $1,000 out of the $40,000 life insurance policy, making a total expended of $6,000 during said period for the support of petitioner and her children, since petitioner’s only income during said period was the $396 per month from Social Security, plus the bank interest on the $40,000, which at 5% would be approximately $2,000 per annum.
An anaylsis of the financial position of petitioner will readily reveal that the support for her 17-year-old child at Community College and the needs of the handicapped child (besides tuition) , as well as her personal needs, will be a constant drain upon the petitioner and her assets and income, and, with each succeeding diminution of her savings bank account will inevitably flow a reduction in bank interest, eventually reducing her income and standard of living markedly in view of the heavy and constant expenditures for the handicapped child, and will eventually result in all her assets being depleted.
Upon the entire picture herein, it would appear basically unfair to place such additional burden of tuition upon petitioner, who already has her share of woe, which is aggravated by the fact that the city does not have a free school available for the education of her child. To compound her anguish by compelling her to pay tuition fees to educate her child because the Board of Education has failed to furnish suitable education facilities for her handicapped child as required by subdivision 2 of section 4404 of the New York Education Law, while others who are more fortunate can attend school tuition-free, irrespective of their assets and income, seems unfair and indecent, and perhaps even unconstitutional since depriving petitioner of the right to a free public education, as mandated by section 1 of article XI of the Constitution of the State of New York, and since further depriving petitioner of equal protection of the laws, as guaranteed by section 11 of article I of the Constitution of the State of *61 New York and the Fourteenth Amendment to the Constitution of the United States.
In this latter connection, see Reid v. Board of Educ. of City of N. Y. (453 F. 2d 238). However, since this court has disposed of the case at bar by granting the petition herein on the facts, the issue of unconstitutionality need not be passed upon.
Accordingly, the court directs and hereby signs an order directing the City of New York to pay to the Lifeline Center for Child Development the sum of $2,500 to be applied toward the cost of tuition for the handicapped child herein, David H.