Joseph T. Pilato, J.
Petitioner seeks an order under section 232 of the Family Court Act that his physically handicapped child who is in need of special educational training have the costs of said training paid entirely by the county or proper subdivision thereof, as a matter of law. There is no issue that the child is physically handicapped, that the child is in need of special educational training and that the expenses for the training proposed are fair and reasonable.
The statutes which apply in determining who shall pay for these services are unclear and appear to create inconsistencies. (Matter of Leitner, 40 A D 2d 38, 42.)
Section 232 and its legislative history supports the petitioner’s proposition that the responsibility for approved special educational training of a physically handicapped child should be borne by the county or the proper subdivision thereof. Section 232 was derived from section 24 of the Children’s Court Act and provided for both the medical and educational needs of a physically handicapped child to be paid in whole or in part by the parents of said *767 child. At the time of its enactment in the Family Court Act, the Committee Comments on this section were as follows:
“ Section 232 continues the provisions contained in section 24 of the Children’s Court Act. The authority given under that section was related to the operation of section 4403 of the Education Law and section 2582 of the Public Health Law.
“ This continuation does not represent a final recommendation by the Committee that this particular method of effecting a sharing of costs should be left unchanged. It expects to review the matter in time for the 1963 legislative session.” (McKinney’s Cons. Laws of NT. Y., Book 29A, Judiciary, Family Ct. Act, § 232, Committee Comments.)
Apparently, the committee did review this section and by the Laws of 1964 (ch. 253, § 6), section 232 of the Family Court Act was amended. That amendment subdivided educational services from medical services. It provided that any expenses in connection with educational services should be borne by the county or proper subdivision thereof, once the court had jurisdiction and determined that the child was in need of special educational services. With respect to medical services, however, the provisions for liability of the parents were continued in the law. This suggests that it was the intention of the Legislature not to make parents of handicapped children liable for the educational services that were rendered to them under the provisions of section 4403 of the Education Law. Matter of Leitner (40 A D 2d 38, 43, supra) takes the position that subdivision 1 of section 4403 of the Education Law is to be read into section 232 of the Family Court Act and that parental responsibility is not mandated.
The governing statute herein is section 232. Section 4403 of the Education Law is the enabling statute or the allocating statute whereby the county seeks reimbursement. Subdivision 1 of section 4403 of the Education Law provides which governmental agencies shall pay for these services ‘ ‘ when not otherwise provided by parents, guardians, local authorities or by other sources, public or private ’ ’. The case law has not to date defined this clause. In the case at bar, petitioner has paid through an insurance policy, $4,000 per year toward the cost of his child’s special education. It is indicated that this amount will be reduced to $1,000 per year under the policy in the near future. These payments, I think, constitute for this case, the “ otherwise provided by parents * * * or by other sources ”.
I interpret section 232 as not mandating parental contribution on a means basis in a proper petition brought before the court and with the expenses of such training approved.
*768 The .total cost for .special educational training, including tuition and maintenance, for the school year 1972-73 is $9,820. The cost of transportation is $300, totaling the sum of $10,120. The State of New York, under section 4407 of the Education Law, pays $2,000. The petitioner’s insurance coverage at this time pays $4,000. I direct that the amount not paid by the State of New York and petitioner’s insurance policy be paid in the first instance by the County of Monroe and the appropriate subdivision thereof, which is to be reimbursed to the extent of one half thereof pursuant to section 4403 of the Education Law.