Manuel Gr. Guerreiro, J.
This is a petition for the education of a handicapped child, pursuant to section 234 of the Family Court Act.
Petitioner’s son Rick* has been certified handicapped by the State Education Department. Furthermore the Board of Education of the City of New York has certified that there is no adequate public facility for the instruction of tins child and the school which Rick Downey* now attends has been approved by the State Education Department for the education of such handicapped children.
Petitioner is seeking $6,496 which represents the difference between tuition at the Montanari Clinical School, Inc. and the grant of $2,000 in State aid to the handicapped child. Under section 4404 of the Education Law petitioner also seeks the cost of transportation to and from the school which is located in Florida.
Section 1 of article XI of the Constitution of New York provides : ‘ ‘ The legislature shall provide for the maintenance and support of a system of free common schools wherein all the children of this state may be educated. ’’ (Emphasis added.)
This article is implemented by the Education Law of New York. The burden is therefore on the State to assure that the educational program provided each child is appropriate to his needs. With respect to handicapped children, section 4402 of the Education Law imposes a duty on the State Department of Education to use all means and measures necessary to adequately meet the physical and educational needs of handicapped children.
In order to assure ¡a handicapped child the equal protection of the law, the opportunity for an education according to his needs must be available. In this context the words of the Supreme Court in the historic decision of Brown v. Board of Educ. (347 U. S. 483, 493 [1954]) are particularly relevant. “ In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity o¡f an education. Such *774 an opportunity, where the State has undertaken to provide it, is a right which must be made available to all on equal terms.”
The concept of equality has been utilized by the courts of Pennsylvania to provide the right to an education for mentally retarded children. Section 14 of article 3 of the Constitution of Pennsylvania provides: “ The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth. ’ ’ The Pennsylvania Public School Code of 1949 (Purdon’s Pa. Stat. Ann., tit. 24) implements section 14 of article 3 of the Pennsylvania Constitution which is substantially the same as the New York State Constitution.
In the recent decision of Pennsylvania Assn. for Retarded Children v. Pennsylvania (334 F. Supp. 1257) the Federal District Court ordered, on consent, the Commonwealth of Pennsylvania to provide every retarded person between 6 and 21 access to a free public program of education and training appropriate to his learning capacities.
In Reid v. Board of Educ. of City of N. Y. (453 F. 2d 238) which is the only relevant New York case in this area, the United States Court of Appeals recognized the constitutional issue presented by New York’s Education Law, but abstained from considering the question pending the outcome of claims in the State courts.
Under section 234 of the Family Court Act the court may order contribution to the cost of educating a handicapped child by the parent or other person responsible for his care. This court has serious reservations as to the constitutionality of this provision. To order a parent to contribute to the education of his handicapped child when free education is supplied to all other children would be a denial of the constitutional right of equal protection (U. S. Const., 14th Arndt.; N. Y. Const., art. XI, § 1). Legislation which singles out one class for special burdens and liabilities from which all others are exempt denies equal protection of the laws. (See Matter of David H., 72 Misc 2d 59.) Equal protection does not require that all persons be dealt with identically but it does require that distinction among classes must be reasonable. (Cf. Matter of Jesmer v. Dundon, 29 N Y 2d 5 [1971].)
Furthermore it is the child who is given the right to an education, not the parent and his right should not be abridged or limited by the willingness of a parent to become financially liable for the education. To limit the right to an education in this *775 manner would discourage many parents from seeking the appropriate facilities for their child.
In conclusion, while at first blush this may seem like a substantial outlay of funds for one child, when compared with the dollar cost of maintaining a child in an institution all his life or on public assistance the cost is minimal: not to speak of the incalculable cost to society of losing a potentially productive adult.
For the foregoing reasons the petition is granted without considering the ability of the petitioner to contribute to the cost of educating his child.