Robert H. Wagner, J.
Petitioner prays for an order providing for the education of her child, filing with this court State Education Department Form HC2 entitled ‘ ‘ Petition for the Education of a Handicapped Child ”. Attached to the petition are certificates of recommendation of the School Psychologist and the School Superintendent for the Town of Irondequoit School District Ho. 1 certifying that the petitioner’s child sniffers minimal brain disfunction and that an education program suited to the child’s need is not available in .the home district.
The petition must be deemed to be brought pursuant to section 232 of the Family Court Act (Matter of Leitner, 40 A D 2d 38, 40).
Although such petitions (Form HC2) do not so indicate on their face, the order form to be used in conjunction with the petition (Form HC3) follows the statutory requirement of section 4403 of the New York State Education Law that one half of the charge be borne by the county and one half by the State.
£n this case, the State of Hew York, County of Monroe, and the Town of Irondequoit School District were made parties to *21 this proceeding. The Attorney-General appeared. The Commissioner of Education sent a letter indicating that “it has been the practice of1 the Commissioner of Education to submit a letter to the Court in lieu of an appearance ”. The Commissioner relies on his statutory right to approve or disapprove the order once made by the court. The County of Monroe appeared. The School District did not.
No issue was raised by anyone concerning the need of the petitioner’s son for special education nor the ability of the Landmark School to provide it. No question was raised concerning the petitioner’s ability tó pay for the education of her son.
This court therefore accepts the certification by the physician, School Psychologist and School District Superintendent and finds that the petitioner’s son is a handicapped child, is in need of and will benefit from the special educational program at the Landmark School in Pride’s Crossing, Massachusetts, and further that the local school district has no appropriate educational program for him. The Landmark School has been approved as required by the law by the New York State Education Department as a school for handicapped children eligible to receive funds under sections 4403 and 4407 of the Education Law.
Section 232 clearly gives the Family Court jurisdiction over physically handicapped children. A literal reading of its provisions indicates that in those cases in which the Department of Education has issued a certificate as to the educational needs of a child including ‘ ‘ home teaching, transportation, scholarships,' tuition or maintenance ”, the court may make a suitable order “ for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county ’ ’. The entire charge falls upon the county government. There is no provision for charging the parent.
An initial and unofficial screening of the petitioner’s financial ability to provide for the desired educational program at the Landmark School in Pride’s Crossing, Massachusetts, made by the Monroe County Department of Health revealed that the petitioner is able to afford the full cost of the proposed program at the Landmark School.
Petitioner has submitted to the court the following expenses for a full school year and seeks reimbursement for that portion thereof expended by her during the period February 28, 1972 "through June 30,1972:

*22

The tuition fee of $7,100 has been verified by the Landmark School.
The County of Monroe argues that the petitioner should pay some or all of the expenses. Issue is thus joined.
Subdivision 1 of section 4403 of the Education Law provides, ‘ ‘ When the family court, or the board of education of the city of New York, shall issue an order to provide for the education, including home-teaching, transportation, scholarships, tuition or maintenanace, of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate to such effect in duplicate, one of which shall be filed with the clerk of the board of supervisors or other governing elective body of the county or chief fiscal officer of a city and one in the office of the commissioner of education. (Emphasis added.)
Subdivision 2 of the section goes on to provide that one half of the cost as certified ‘ ‘ is hereby made a charge against the county or city in which any 'Such handicapped child resides, and the remaining one-half of the cost thereof shall be paid by the state out of moneys appropriated therefor.”
This section of the Education Law has for a long time troubled members of the judiciary before whom petitions such as the present one have come. The reservation to the Commissioner of Education of the right to disapprove the order of the court has been seen as an affront to the court. Interpreted as in Matter of Leitner (40 A D 2d 38, 40, supra), the action of the Commissioner of Education simply serves the purpose of shifting one half of the cost of the education ordered by the Family Court to the State in cases selected by the Commissioner for such treatment.
The issue before this court in this proceeding therefore is how much, if any, of the expenses for the program at the Landmark School shall be paid by the petitioner and how much shall be ordered as a charge against the County of Monroe and possibly the State of New York. This is the issue left open by the court in Matter of Leitner (supra, p. 41).
*23 The problem in this ease and others like it arises because subdivision 1 of section 4403 in its first sentence reads as follows: “ The state education department shall have the power and duty to provide within the limits of the appropriations made therefor, home-teaching, transportation, scholarships in non-residence schools, tuition or maintenance and tuition in elementary, secondary, higher, special and technical schools, for handicapped children in whole or in part from funds of the department, when not otherwise provided by parents, guardians, local authorities or by other sources, public or private,” (Emphasis supplied).
The petitioner contends that under section 1 of article XI of the Constitution of the State of New York her son is entitled to education suited to his needs without charge to her. This article states, “ The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated.” Petitioner necessarily interprets this section to require that where the Legislature has not provided educational facilites and programs within the district it must provide comparable education elsewhere since the mandate is not only for the maintenance and support of “ free common schools ” but also that “ all the children of this state may be educated.”
Section 3205 (subd. 1, par. a) of the Education Law provides that “ In each school district of the state, each minor from six to sixteen years of age shall attend upon full time instruction.” That the Legislature intended the words u each minor ” to mean each minor may be inferred from the specific prohibitions against discrimination on account of race, creed, or color, national origin or sex. (¡See §§ 3201, 3201-a.) Subdivision 1 of section 3204 specifies: “ A minor required to attend upon instruction by the provisions of part one of this article may attend at a public school or elsewhere. The requirements of this section shall apply to such a minor, irrespective of the place of instruction. ’ ’ (Emphasis supplied).
Further, subdivision 1 of section 4402 of the Education Law mandates that the Department of Education shall ‘1 maintain a register of handicapped children and [to] use all means and measures necessary to adequately meet the physical and educational needs of such children, as provided by law.”
In the light of the advances of the last two decades in the fashioning of programs of special education for even the most severely physically handicapped and retarded children, we can no longer discriminate against them on the basis of the willing *24 ness or ability of their parents to afford them. In the context of the holding of the Supreme Court of the United States in Brown v. Board of Educ. (347 U. S. 483) we can no longer demand of a parent of a handicapped child payment for the education of that child when no charge is made for the education of a nonhandicapped child.
It is the holding of this court that the Constitution of .the State of New York requires that all children including the handicapped are entitled to such education as is reasonbly suited to .their needs without charge. It is the further holding of this court that, to make a charge to a parent for the cost of educating a handicapped child while providing free public education for nonhandicapped and some handicapped children*, violates the equal protection provisions of the Fourteenth Amendment of the United States Constitution. (Brown v. Board of Educ., supra; Matter of Borland, 72 Misc 2d 766; Matter of Downey, 72 Misc 2d 772 [a handicapped child].)
In Brown v. Board of Educ. (347 U. S. 483, 493, supra), the court stated, ‘ ‘ in these days, it is doubtful that any child may reasonably be expected to succeeed in life if he is denied the opportunity of an education. Such an opportunity, where the state has undertaken to provide it, is a right which must be made available to all on equal terms.” (Emphasis supplied).
If the language in section 4403 as set forth is not interpreted to impose a requirement of a charge for education upon a parent of a handicapped child, it still can have meaning. Since schools providing educational services for the handicapped, frequently provide other services as well, and children who attend such schools may be eligible for medical insurance and other benefits for noneducational services, the provision can stand as a requirement that such funds be used for noneducational services. Section 4407 of the Education Law is an alternative .source of money for many children who qualify for educational services under section 4403. It is not unreasonable ,to expect that a parent assume responsibility for the cost of noneducational services for his child as a part of the responsibility placed upon all parents to provide support for the child or to seek such benefits and assistance as may be available from other sources.
It should be noted that section 232 (subd. [a], par. [1]) of the Family Court Act, ‘1 Educational service,” provides that the expense for education shall be a charge upon the county, but paragraph (2) authorizing “ Medical service,” provides that a parent for whose child medical service has been ordered may be *25 required to pay for .such service to the extent of his financial ability.
The provision requiring tñat a parent pay for medical services to the extent of his ability arises out of common-law and statutory requirements for child .support. Section 232 makes specific reference to section 2582 of the Public Health Law which authorizes the Commissioner of Health and certain other officials to order medical services for handicapped children. Section 232 then authorizes enforcement .of parental liability through the Family Court.
It may be that the informal practice of screening applicants for educational aid by the local health department as followed in Monroe County had its origins in a misapplication of1 this provision in the Public Health Law. There would seem to be no reason in law or logic for a carry-over to applications under section 232 (subd. [a], par. [1]) or section 4403.
There is one other problem raised by the requirements of section 4403 of the Education Law. Although there is no reason why the Legislature cannot impose the expenses for educational services upon cities or counties, with certain exceptions, it is contrary to the entire history and tradition in this State. Most educational costs are borne by local school districts imposing separate taxes for such services in combination with funds furnished directly by the State of New York.
A city or county legislative body can only find the imposition of a charge for educational services as foreign to its experience and beyond the scope of its usual programming for its citizens.
A school district which can avoid incurring costs for special educational programs by certifying children out of the district without liability to it may well be tempted to do so. The ever increasing resort by parents and school districts alike to the use of funds through sections 4403 and 4407 of the Education Law and the resistance of city and county governments to accept charges under section 4403 should merit concern by the Legislature for review and revision of these statutes.
This court holds that there is no requirement under section 4403 of the Education Law that a parent of a handicapped child contribute to the cost of the education of such child. It is therefore granting the petition before it for the moneys requested by the petitioner. Only the expenses of tuition and transportation would seem to be appropriate as a charge upon the County of Monroe, and if approved by the Commissioner, upon the State of New York. Only actual expenses incurred by the petitioner during the period February 28, 1972 through June 30, 1972 are to be r^imbu^s^d.

 See sections 4302 and 4352 of the Education Law providing free schooling for deaf and blind children.