Jacob T. Zukerman, J.
This is an application for reimbursement of funds advanced by the parents of the handicapped child for the cost of the special education training for the 1971-1972 school year pursuant to the provisions of the Family Court Act and the Education Law. (The court has already granted that portion of this petition which dealt with the year 1972-1973.)
Arthur K. has been certified handicapped by the State Education Department. The Board of Education of New York City has certified that there is no adequate public facility for the instruction of this child and that there was none during the school year 1971-1972. The Buckingham School which Arthur now attends has been approved by the State Education Department for the education of such handicapped children. There is no question of the parents’ eligibility for State aid, as the Commissioner of Education has already indicated, by letter from James Whitney, that he would issue a certificate of approval for .State aid in the amount of $1,750 for the 1972-1973 school year if the court granted that relief (as it already has done).
The only defense by the State and the city is that the application for reimbursement for the 1971-1972 school year was not timely made. It is the State’s as well as the city’s position that the application for reimbursement for the 1971-1972 school year was made too late, it being after the school year and after the fiscal year.
The Commissioner of Education has addressed a letter to the court stating that the certificate of approval under section 4403 of the Education Law would not be issued. Said letter reads in part as follows:
“ Subdivision 1 of section 4403 of the Education Law provides in material part, that the State Education Department shall have the power and duty to provide, within the limits of the appropriations made therefor, home teaching, transportation, scholarships and non-residence schools, tuition or maintenance and tuition, elementary, secondary, higher, special and technical schools for handicapped children, in whole or in part from funds at the Department, when not otherwise provided by parents, guardians, local authorities or other sources, public or private. Pursuant to the provisions of subdivision 3 of section 40 of the State Finance Law, the appropriation to the Education Department for this purpose for the state fiscal year which began on April 1,1971 ceased at the close of that fiscal year on March 31,1972, unless a liability had been incurred prior to that *874 date, in which case payment could be made on or before the next succeeding 15th day of September.
“ In the instant matter no encumbrance of funds was made prior to March 31, 1972. Therefore, the Commissioner of Education could not issue an HC-5 (certificate of approval for state aid) should the court grant the relief sought in the petition with regard to the attendance of Arthur K. at the Buckingham School for the 1971-1972 school year.”
The court holds that the application for reimbursement for the 1971-1972 school year was not too late, as prior to the start of the 1971-1972 school year the State and city had notice that said claim for reimbursement would be forthcoming.
The State and city governments were both well aware in the summer of 1971, prior to the 1971-1972 school year that Arthur K. was, under the law, a handicapped child, and that Arthur was to attend Buckingham School for the 1971-1972 school year. This is evidenced by the fact that the $2,000 was paid by the State pursuant to section 4407 of the Education Law.
Since the State received the application for the $2,000 pursuant to section 4407 prior to the 1971-1972 school year and approved same and obviously based this decision on the report of the city Board of Education that there was no adequate public school facility available, the State and city governments were put on notice of the certainty of receiving in the future a petition for reimbursement for the costs of the school over and above the $2,000. Both governments could have allocated funds within the 1971-1972 fiscal year for this inevitable claim for reimbursement.
Moreover, it is this court’s opinion that even if the city and State had not received notice within the fiscal year of 1971-1972, the parents of a handicapped child have a right to reimbursement.
Section 1 of article XI of the Constitution of New York State , provides that the Legislature shall provide for the maintenance and support of a system of free common schools where all the children of the State may be educated.
As Judge Guerreiro stated in Matter of Downey (72 Misc 2d 772, 774), “ To order a parent to contribute to the education of his handicapped child when free education is supplied to all other children would be a denial of the constitutional right of equal protection (U. S. Const., 14th Arndt; N. Y. Const., art. XI, § 1).” (See, also, Matter of Kirschner, 74 Misc 2d 20.)
Judge Guerreiro further noted (p. 774) “ it is the child who is given the right to an education, not the parent and this right *875 should not be abridged or limited by the willingness of a parent to become financially liable for the education.”
I concur that it would be a denial of the right of equal protection and morally inequitable not to reimburse the parents of a handicapped child for moneys they have advanced in order that their child may attend a private school for the handicapped when no public facilities were available while other children who are more fortunate can attend public school without paying tuition and without regard to the assets and income of their parents.
Thus, this court, pursuant to section 232 of the Family Court Act, orders the City of New York to reimburse the parents of Arthur K. in the amount of $1,750 for 1971-1972 school year.