Saul Moskoff, J.
In this proceeding wherein the petitioner, the parent of a handicapped child, seeks to have the State and city assume the cost of tuition, transportation and maintenance of the child in a residential setting, questions of constitutional impact are raised which require judicial determination.
No factual issues are presented since the City of New York did not attempt to controvert the documentation establishing that the child is a handicapped child within the statutory definition and that the public school system of New York is unable to provide an appropriate educational facility for the child.
The petitioner argues that the statutory requirement that a parent, who is found able to do so, must assume the cost of tuition, or contribute to such cost, consistent with his means to do so, is unconstitutional, citing Matter of Beverly L. (Family Ct., Kings County, Docket No. H 3913/73), Matter of Barry F. (Family Ct., Westchester County, Docket No. H-7-72), Matter of Downey (72 Misc 2d 772). Not cited by petitioner but supporting his position is Matter of Kirschner (74 Misc 2d 20).
No authoritative determination bearing directly on this constitutional issue by any appellate court may be found. Petitioner, however, points to Matter of Leitner (40 A D 2d 38) in support of his contention that a handicapped child has a constitutional right to a free education and that his parent may not be constitutionally required to contribute to the cost of tuition, whether able to do so or not. Leitner, however, is not decisive on the issue since the alleged constitutional bar to contribution by the parent was not presented or decided.
This court concurs with the rationale and holdings of Beverly L., Barry F. Downey and Kirschner (supra) and accordingly determines, that a parent of a handicapped child may not constitutionally be required to contribute to the cost of tuition of such child in a private educational setting.
A different question arises as to whether a parent may be required to pay or contribute to the board and lodging (maintenance) of a handicapped child while in a residential setting and whether the constitutional protections against being required to contribute to tuition, as herein determined extend to furnishing basic necessaries for the maintenance of the child.
The petitioner, in a well-prepared and scholarly brief submits the following arguments to support his position.
A. Handicapped children requiring special educational facilities whose handicap is deafness or sightlessness are provided *396 by statute with facilities for their education and such statutes explicitly require that board and lodging as well as tuition be provided for such children, the cost thereof being imposed on the State without any reference to contribution by the parents.
Petitioner then equates a handcapped child fitting the statutory description under section ¡232 of the Family Court Act and the sections of the Education Law pertaining thereto with blind and deaf children and argues that to refuse them similar treatment is discriminatory, without any rational basis and is violative of the constitutional privileges of equal protection of law.
B. Since section 232 of the Family Court Act provides that the court make a “ suitable ” order for a handicapped child’s needs for “special educational training ”, any order which does not provide for board and lodging for the child would not be a ‘f suitable ” order.
C. Since the City of New York is required by law to either provide a public education facility for a handicapped child within its school system or in the alternative place the child in a private school in accordance with section 4404 (subd. 2, par. 6) of the Education Law this mandate entitles the child to free maintenance as well as free tuition.
D. There being a constitutional right to free tuition for a handicapped child, there is a concomitant constitutional right to maintenance.
E'. Section 234 of the Family Court Act dealing with ‘ ‘ Educational service in counties within the city of New York” provides for reimbursement by parents able to do so. Section 232 of the Family Court Act dealing with educational services generally contains no provision for parental reimbursement. Therefore, argues petitioner, section 234 of the Family Court Act is unconstitutionally discriminatory in that it places a greater burden on a parent of a handicapped child residing within the City of New York than that placed on such a parent residing outside the City of New York.
Before discussing petitioner’s arguments, it is appropriate to emphasize that our statutes abound with provisions placing the basic and primary obligations on a parent, rather than the community, in supplying the everyday needs of a child. On the other hand, there is imposed upon the community the basic obligation of furnishing a free public education to every child. (N. Y. Const., art. XI, § 1.)
Section 32 of the Domestic Relations Law and sections 413, 414 and 415 of the Family Court Act place the basic and pri *397 mary obligation for the support of children under 21 years of age upon the parents of such children.
Section 233 of the Family Court Act provides that when a child is placed with an authorized agency or with a person other than a parent and is retained in accordance with the rules of the State Board of Social Welfare, compensation for his >“ care and maintenance ’ ’ shall be a charge upon the welfare authorities. Subdivision (b) of that section authorizes the Family Court to require a parent to contribute in whole or in part, to the “ support ” of such child.
Section 234 of the Family iCourt Act titled ‘ ‘ Educational service in counties within the city of New York,” dealing with the educational requirements of mentally retarded children, authorizes an order for (i) maintenance, (ii) transportation, (iii) education, (iv) tuition, and, except for children with retarded mental development, (v) home teaching or (vi) scholarships. Subdivision (b) of section 234 provides that when an order is made for any of the foregoing services, the court may issue an order directing a parent to pay a part or all of the expense of such service. It will be noted that the statute provides that the court “ may ” not “ shall ” make such an order.
Section 235 of the Family Court Act titled “ Compensation and liability for support and care in counties within the city of New York ” provides that upon the detention, placement or commitment of a child by the Family Court in a county within the City of New York, the Department of Social Services of the City of New York shall investigate the ability of the parent to contribute in whole or in part to the expense of the maintenance of such child. If the Department of1 Social Services determines that such a parent is able to contribute in whole or in part, it shall institute a proceeding in the Family Court to compel such payment or contribution.
Nonsupport of a child under 16 years of age by a parent is constituted a Class A misdemeanor where failure or refusal to support is without lawful excuse. (Penal Law, § 260.05.)
It would thus appear from the general .sense of statutory law that our legislators intended to and did impose upon our community the basic obligation of providing an education at public expense for every child, rich or poor, well or ill, normal or handicapped. The indication is equally clear that they intended to impose upon the parent the basic obligation to provide for food, lodging, clothing, and other necessaries for the child, subject, however, to special consideration for .blind and deaf children. The question then presents itself as to whether such *398 special consideration for blind and deaf children renders the provision as to physically handcapped children unconstitutional because of lack of equal protection of the laws.
In determining the constitutionality of statutes, certain basic principles must be considered. Legislative acts are presumed to be valid and will be found so unless the statute bears no rational relationship to a legitimate legislative purpose. (United States v. Kiffer, 477 F. 2d 349.) A strong presumption of validity attaches to statutes and the burden of proving invalidity is upon those who challenge their constitutionality to establish this beyond a reasonable doubt. (Fenster v. Leary, 20 N Y 2d 309; People v. Pagnotta, 25 N Y 2d 333.) A presumption exists that the Legislature has investigated and found the facts necessary to support the legislation (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263). Legislative enactments will be struck down only as a last and unavoidable resort. (Nettleton Co. v. Diamond, 27 N Y 2d 182.) Only a clear violation of the Constitution will justify the court’s overruling of legislative will. (Farrington v. Pinckney, 1 N Y 2d 74.)
As to equal protection, it has been held: ‘1 Like the life of the law generally, the Fourteenth Amendment was not designed as an exercise in logic. It is ancient learning by now that a classification meets the equal protection test ‘ if it is practical, and is not reviewable unless palpably arbitrary. ’ * * * If the classification has ‘ some reasonable basis,’ it cannot be held offensive to the Equal Protection Clause ‘ because it is not made with mathematical nicety or because in practice it results in some inequality ’.” (Snell v. Wyman, 281 F. Supp. 853, 865, affd. 393 U. S. 323.)
As heretofore stated, historically the Legislature of New York State has extended special and unique consideration for the welfare of blind and deaf children and has not, at least yet, extended the same benefits to children fitting the description of “ handicapped ” within the meaning of the Education Law and Family Court Act. It is not this court’s function to override legislative action and to conclude that the legislative recognition of the peculiar gravity of the hardships of blind and deaf children and their parents is unwarranted or irrational. The Legislature has determined that a blind or deaf child is possessed of handicaps that warrant full contribution by the State for tuition and maintenance but has not yet found that a physically or mentally handicapped child requires such full contribution, if his parent is able to provide for the child’s maintenance. To hold that the largess provided for a deaf or blind child must be *399 provided for an otherwise handicapped child would constitute this court as a reviewing agency of the exercise of legislative wisdom by the elected representatives of the voters of the State. As argued by the Attorney-General the grant of1 public funds for maintenance of blind and deaf children is an act of public charity. It is not for this court to say that the State coffers abound with sufficient funds to extend this solicitude to all handicapped children. Moreover, even if the court found that there is a denial of equal protection as alleged by petitioner, it might be more appropriate to declare the statutes relating to blind and deaf children to be unconstitutional in granting a benefit to such children while denying it to children otherwise handicapped. Such a result would be of no avail to petitioner.
The court finds no basis for the conclusion that the provisions of the Family Court Act and the Education Law are violative of the equal protection provisions of the United States Constitution.
Since it is found that the failure of the statutes to. require maintenance by the public authorities for a handicapped child is not a constitutional defect, it is likewise found that an order made under section 232 of the Family Court Act which does not provide for board and lodging is a “ suitable order ”. Petitioner’s arguments to the contrary are rejected.
The court finds no merit in the remaining arguments and directs the submission of an order on five-day notice to the Corporation Counsel of the City of New York, Attorney-General of the State of New York and the Department of Education of the State of New York, granting the relief sought to the extent that the parent be not required to contribute to cost of tuition and in view of the conceded ability of the parent to provide for the maintenance of the child at the special school, absolving the city and State of liability for the cost of board and lodging.
THE DECISION IN MATTER OE CLAIRE.
Following the submission of briefs herein, research by the court, consideration of the legal problems involved herein and formulation of the above decision, the Appellate Division, First Department, on April 30, 1974 came down with its decision in Matter of Claire (44 A D 2d 407). There the precise issue as to constitutionality here dealt with was determined adversely to the petitioner. The Appellate Division rejected petitioner’s contention that the constitutional right to equal protection required that the petitioner be not required to contribute to the cost of board and lodging and for substantially the same *400 reasons above set forth, held that petitioner may not be relieved of the obligation to support the child while receiving spepial education merely because parents of1 blind and deaf children are the beneficiaries of legislation which grant them such relief. The court held in Claire: “Since there is a rational basis for differentiating between blind and deaf children and children with other type handicaps, no invidious discrimination results (cf. Education Law, arts. 85, 87, 88) ”. (Matter of Claire, supra, p. 411.)
Claire has also clarified the city’s claim that no order may be made by the court for the months of July and August when actual classes are not in session. Pursuant to Claire, the order to be submitted shall cover tuition and transportation costs for such months.