In the Matter of VINCENT VLADO. ANTOINETTE T. VLADO, Appellant, v. NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents.— In a proceeding brought pursuant to section 232 of the Family Court Act for court approval of expenses incurred for educational services rendered to petitioner's physically handicapped child, petitioner appeals from an order of the Family Court, Queens County, entered May 30, 1973, which denied the application on the ground it was not timely. Order reversed, in the interests of justice, without costs, and the application granted with the following memorandum: This proceeding was brought to obtain payment of transportation costs and tuition incurred during the school year 1971–1972 for the education of petitioner's physically handicapped young son at a special school for the handicapped. There is no question that the educational facilities which this boy needs are not available in the New York City public school system. The city has certified to that fact. However, the Family Court denied the application on the ground that it was not made until November, 1972, which was after the close of the school year for which reimbursement was sought. The court felt that such a Statute of Limitations must be judicially imposed to avoid laches and to give the State fiscal authorities reasonable notice of the moneys to be earmarked for educational needs. We cannot agree. The public policy expressed in the statutory scheme for providing a free education for physically handicapped children in this State takes precedence over considerations of fiscal expedience, particularly, in this case where the record shows that any delay in making application could not be attributed to petitioner. The uncontroverted testimony shows she made the application for the 1971–1972 school year on May 24, 1971. The application was completed by a school guidance counsellor who forwarded it to the City Board of Education in June, 1971. More than a year later, petitioner was advised in October, 1972 that her application had been lost. Meanwhile, petitioner received $2,000 in State aid under section 4407 of the Education Law and the special school accepted the boy into its program. We reject the contention that it is the school which stands to benefit from this proceeding. The petitioner contracted with the school to provide services for her son, and she is legally responsible for payment. She is already receiving public assistance so there is no real possibility of her personally supplying the moneys (in excess of $1,250) sought. We direct that the City of New York pay petitioner the amount sought (Family Ct. Act, § 232). Since the Family Court made no determination of the city's motion for reimbursement by the State under section 4403 of the Education Law, the issues raised by that motion are not before us and we make no determination with respect thereto. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.