Rudolph Diblasi, J.
These are petitions in which reimbursement is sought for tuition costs paid by the parents of a handicapped child for the years 1972, 1973 and 1974. The parents have already paid the entire tuition bill to the Horizon school.
The City of New York which, under sections 232 and 234 of the Family Court Act, is responsible for the education of handicapped children at private facilities when the public educational system cannot provide the necessary education for such children, resists the applications. The grounds for the city’s resistance are that the applications must be made during the school year for which such funds are sought, and that these applications are not timely since they seek funds for other than the current school year. The city relies on the decision of the Appellate Division, First Department in Matter of Jonathan L. v New York State Dept. of Educ. (47 AD2d 604) which affirmed without opinion a decision of the Family Court, New York County, denying such application as untimely and further on the ground that payment had already been made by the parents and that they were not entitled to reimbursement. No written opinion was recorded in the Family Court.
*4 The petitioners rely on Matter of Vlado v New York State Dept. of Educ. (45 AD2d 1016) a decision of the Appellate Division, Second Department, decided August 5, 1974 which directed payment of tuition costs by the city to the parent of a handicapped child, although the school year had ended when the application was made.
i The city distinguishes Vlado from Jonathan L., first on the ground that in Vlado, reimbursement, although sought after the school year, was based on an application made during the school year. It appears that in Vlado, the application was lost, and that the proceeding was timely made under the circumstances. Secondly, the petitioner was on welfare and was in no event able to pay for the tuition, whereas in the cases under consideration, the parents were presumably able to afford to pay tuition because in fact they had paid it.
It appears that there is a divergence of opinion as to the extent of liability of the city for tuition costs and the question to be resolved is whether the order for payment of tuition costs of a handicapped child must be sought within the school year for which such funds are sought, and whether a parent who has paid such costs is entitled to reimbursement for the same.
The City of New York is responsible by constitutional provision and by statute for the education of all children living in the City. (NY Const., art XI, § 1; Education Law, § 3202, subd 1.) Handicapped children are entitled to the same education as nonhandicapped children and • if no suitable facility exists in the public school system, special schools are mandated. (Education Law, art 89; Matter of Wyltwick Schools for Boys v Hill, 11 NY2d 182; Matter of Downey, 72 Misc 2d 772; Matter of Arthur K., 74 Misc 2d 872.)
The city, in the cases under consideration, does not question its obligation to educate handicapped children and concedes that in these cases it would be responsible except that the applications are untimely. Secondly, the city contends that the parents have paid the charges for the years in question and are not entitled to reimbursement of same since under section 234 of the Family Court Act, they are responsible for, among other things, tuition of the child (if of sufficient means).
■ In relying on Matter of Jonathan L. (supra), the city presumably relies on the language of Judge Guerreiro in his oral decision, which in pertinent part states: "the second branch of my reason denying your application is that I can’t *5 anticipate any reasonable cutoff to grant your application for reimbursement for funds expended. Certainly it would create a problem for the fiscal authorities for the reimbursement and we’re really not dealing with the child’s right to an education because the petitioner, your client, has given him an education which he needed so it’s just a question of reimbursement”.
The effect of the decision of Judge Guerreiro establishes a Statute of Limitations for applications made under section 232 et seq. of the Family Court Act. The decision imposes an obligation for the parent or guardian of a handicapped child attending a special school, to commence the proceeding within the school year sought or at least to limit recovery only to cases where the parent or guardian has not paid for such education from personal funds. With this limitation, I am constrained to disagree. The imposition of periods of limitation is for legislative, not judicial, action.
Sections 232 and 234 of the Family Court Act do not impose a limitation period, nor is there any other provision of the act, nor in the Education Law, which imposes a limitation on the bringing of this proceeding. Under these conditions, the limitation, if any, is to be sought in the CPLR (Alvado v General Motors Corp., 194 F Supp 314).
CPLR 213 (subd 1) provides a six-year Statute of Limitations for actions for which no limitation is prescribed by law. The statute with which we are concerned prescribes no limitation and therefore it appears that these actions are timely because they are brought within the six-year period. It has also been urged that under CPLR 214 (subd 2), "an action to recover upon a liability, penalty or forfeiture created or imposed by statute”, a three-year Statute of Limitations is imposed and that these actions may be classified as actions to recover upon a liability created by statute and that a three-year Statute of Limitations applies. The latter appears to be the better view. Be that as it may, the proceedings herein are to recover for periods of less than three years, and the court is neither called upon, nor does it decide the applicable limitation period.
The city is also concerned with fiscal problems created by permitting reimbursement for past tuition expenditures, and indeed in Jonathan L. (supra), Judge Guerreiro makes that very point. In Vlado (45 AD2d 1016, supra), the Appellate Division said in answer to the city’s position that "a Statute of *6 Limitation must be judicially imposed to avoid laches and to give the State fiscal authorities reasonable notice of the moneys to be earmarked for educational needs”,. as follows: "We cannot agree. The public policy expressed in the statutory scheme for providing a free education for physically handicapped children in this State takes precedence over considerations of fiscal expedience”.
Lastly, the city in urging Jonathan L. as controlling takes the position that a parent who has paid tuition costs has in effect complied with his parental obligation to educate his child and since under section 234 of the Family Court Act, a parent of a child in New York City is liable for all or part of the child’s expenses for maintenance, transportation, education, tuition, home teaching and scholarships, the parent is not entitled to reimbursement.
Under section 232 of the Family Court Act, educational services are to be borne by the county or proper subdivision thereof whereas medical services are the liability of the parents. Section 232 applies to counties outside of New York City, and its language differs with respect to contributions from parents for education and tuition within the City of New York. Under section 232, parents outside New York City need not contribute to educational services for handicapped children, whereas under section 234, parents of handicapped children, if of sufficient means, may be compelled to contribute to educational services for handicapped children. The standards set up between handicapped children’s parents within and without New York City are different and unequal. Such differing standards could not have been the intent of the Legislature when enacting the statutes. It is the opinion of the court that section 232 controls both as to parents within and without New York City and that the absence of any language requiring contribution to educational services from parents of handicapped children, evinces an intent by the Legislature that such contribution is not required and that any other construction of the statutes would deny parents of handicapped children in the City of New York, equal protection of laws (cf. Matter of Charlyn "N”, 46 AD2d 65). Matter of Claire (44 AD2d 407), is not controlling on this issue of contribution since in that case contribution by the parent referred to maintenance not tuition.
It is the judgment of the court that the petitioners in both
*7 cases are entitled to be reimbursed for tuition expenditures for the years in question.