William Rigler, J.
This is a petition for reimbursement of charges for tuition at a special private educational facility on behalf of an allegedly handicapped child under section 232 of the Family Court Act.
There is ample authority to support the position that an order of reimbursement of the costs of tuition for children qualified under section 232 of the Family Court Act must be made without reference to the means of the parents to pay such charges. (Matter of Logel, 78 Misc 2d 394, 395; Matter of Kirschner, 74 Misc 2d 20; Matter of Downey, 72 Misc 2d 772.)
There is also authority to the effect that the intent of the Legislature under section 232 was to provide reimbursement for special educational expenses for children classified as suffering from mental retardation or learning disability only where such children can be defined as physically handicapped in some form.
"The broad question presented is whether mentally ill and/ or emotionally disturbed children come within the scope of the coverage of section 232 and whether such children can be defined as 'physically handicapped’ for the purposes of the statute, absent a showing of some degree of physical impairment, however slight * * * This court finds that it is the legislative intent to provide special educational services under section 232 only to those children who are physically handicapped, i.e. handicapped 'by reason of a physical defect or infirmity’ * * * In the instant case, there is no showing that the child has any physical infirmity.” (Matter of Joseph S., 81 Misc 2d 152, 155, 156.)
*499 The HC-3 Form attached to the petition herein indicates a diagnosis of "phobic reaction” and "overanxious reaction.” The psychiatric evaluation by Dr. Pipia, also attached to the petition herein, describes Robert, in part, as "of average intelligence, has a good memory and has fair judgment and insight. Paranoid fears and anxiety strongly influence his behavior and actions. He feels very insecure and hopes to improve his position of security by managing the environment.”
It appears from the papers cited herein and the evidence adduced at trial, including the testimony of numerous expert witnesses, that there is no physical or organic basis, "however slight” for the learning disabilities suffered by Robert Mecca. As sympathetic as the court may be to the difficulties attendant upon coping with disturbed or unhappy children, there does not appear to be a basis for recognizing Robert Mecca as other than a serious discipline problem to his parents and teachers. To find otherwise would be to equate "handicapped” with any serious adolescent emotional or disciplinary problem. This the court may not do.
Robert was enrolled in a New York City public school specially designated to handle seriously disruptive children (a "600” school), at the time that his mother registered him at the Martin De Forres School. Petitioner’s counsel raised a number of meritorious objections to the neglectful and inadequate manner with which Robert was placed in the "600” school. No qualified psychologist or other behaviorist was called upon to evaluate whether or not Robert’s placement was proper or potentially beneficial to him. Once placed in the "600” school, it appears that the screening process by which Robert was placed in a particular program was equally as slipshod and unsatisfactory. However, the question of whether Robert’s particular needs are being met by the public school program arises only after he has established his qualifications as a handicapped child under section 232. Only then does the court have jurisdiction to decide if a suitable order need be made for his education and care.
It may well be that thousands upon thousands of children who are placed in the "600” schools are in receipt of a treatment and educational program inadequate for their needs. However, petitioner’s counsel has misconstrued the powers of this forum and the purpose of this proceeding as a *500 means to test, and call attention to, the failures of the public school system.
This court has only the jurisdiction to determine whether Robert is qualified as a handicapped child under section 232 of the Family Court Act, and entitled to the benefits pertaining thereto. In view of all the facts and circumstances herein, that determination must be made in the negative. The petition is denied.