Stanley Gartenstein, J.
As is true of virtually every new statute which engenders a new field of litigation, the enactment of section 232 et seq. of the Family Court Act providing in effect that tuition for handicapped children be a charge upon local and/or State authorities, has created in these early stages of its viable life, a maze of conflicting decisions by courts of original jurisdiction and even by different departments of the Appellate Division. The symmetry of the law is such however, that this chaotic condition should ultimately reach the State’s highest tribunal for definitive statutory construction.
By stipulation on the record, the sole issue herein is one of law, whereby this court is called upon to rule in a area where there exists an apparent conflict of authority between the Appellate Divisions of the First and Second Departments. In studying these rulings it finds itself in the unenviable position of adding to rather than ameliorating the existing confusion by ruling contrary to the very lucid and closely reasoned decision of my colleague in Matter of Stella (82 Misc 2d 2 [DiBlasi, J.]) in which he was faced with the same legal issue.
The court has before it a petition for reimbursement of *196 tuition paid for the school year September, 1972 through June, 1973. This petition for reimbursement from the City of New York was filed almost two years after the close of the school year in question. The supporting papers, viz. the certification by the Board of Education and the physician’s certificate make no pretense at being executed timely but are dated almost contemporaneously with the petition.
The facts are conceded: There is no issue as to the child’s handicap; the certification of the special school in question; or that the city cannot provide for the child’s special educational needs. The sole basis of the opposition by the city is based upon laches — i.e., that the proceeding is stale, not having been brought during the school year in question, and the effect of such laches as treated by the different Appellate Divisions of the First and Second Departments.
Concerning the question as to whether or not a petition under this statute must be filed prior to the close of the school year, the court notes two seminal apparently contradictory Appellate Division decisions, viz., Matter of Vlado (45 AD2d 1016 [2d Dept]) and Matter of Jonathan L. (47 AD2d 604 [1st Dept]).
In Vlado, the Second Department, reversed the Family Court and granted a petition in a situation wherein same was presented in November, 1972 for the school year ending June, 1972. The city’s opposition to payment of this charge after the close of the school year in question was based upon fiscal considerations and its inability to budget properly without some knowledge as to what charges it may be called upon to pay for a particular school year, if application for same is presented after the close thereof. It was established that a timely application had in fact been presented and lost through no fault of the petitioning parents. After allowing payment based upon this fact, the court went on to say: "We cannot agree. The public policy expressed in the statutory scheme for providing a free education for physically handicapped children in this State takes precedence over considerations of fiscal expedience”.
It appears, therefore, that the ruling in Vlado was based upon a finding of excusable or even nonexisting "default”, and that the language of the Vlado court rejecting the city’s fiscal argument was dictum.
Thereafter on January 23, 1975, the First Department decided Matter of Jonathan L., affirming without opinion an *197 oral decision of this court (Manuel G. Guerreiro, J.) denying a petition under this statute. The crucial part of this oral decision (quoted by Judge DiBlasi in Stella, supra) appears to be the statement that: "the second branch of my reason denying your application is that I can’t anticipate any reasonable cutoff to grant your application for reimbursement for funds expended. Certainly it would create a problem for the fiscal authorities for the reimbursement and we’re really not dealing with the child’s right to an education because the petitioner, your client, has given him an education which he needed so it’s just a question of reimbursement”.
It is necessary in view of the fact that the First Department affirmed Matter of Jonathan L. without published opinion[1] to grope for all distinguishing factors between Vlado and Jonathan L., which may have influenced the First Department.
If one accepts the dictum in Vlado as a definitive guide as to how the Second Department would actually rule on the city’s fiscal argument, a premise which may not necessarily prove to be valid, these cases may still be distinguished as Judge Guerreiro did, by the fact that tuition was due and owing to the school in Vlado, whereas in Jonathan L., the tuition was already paid and the parents were seeking reimbursement. Both of my brothers, Judge Guerreiro in Jonathan L. (original case) and Judge DiBlasi, in Stella, which rejects the reasoning of the lower court in Jonathan L. agree (with differing significance attached thereto) that there is a difference between payment to the parent for an unpaid bill which fulfills the statutory criteria of "need”[2] as set forth in section 232 of the Family Court Act, as opposed to a situation where the education has been furnished, hence not needed, and the parents seek reimbursement. In this latter event, as the city astutely points out, there is a serious constitutional issue concerning what might be, in the absence of "need” an illegal gift of public funds in violation of section 1 of article VIII of the New York Constitution.
In distinguishing between Vlado and Jonathan L., Judge DiBlasi in Stella holding in accordance with the dictum in Vlado, points out that if a Statute of Limitations was to be *198 imposed, it would have to be accomplished by legislative act and not judicially read in. The ruling herein affords great weight and respectful consideration to Stella but we are constrained to disagree. We respectfully submit that a judicially imposed Statute of Limitations is not what is at stake but rather the doctrine of laches, traditionally and exclusively imposed only by the courts. As the Court of Appeals held in Groesbeck v Morgan (206 NY 385, 389) "The defense of laches * * * is to be considered wholly independent of the Statute of Limitations.” Again, in Feldman v Metropolitan Life Ins. Co. (259 App Div 123, 125) the First Department pointed out that "Laches * * * is founded on lapse of time and intervention of circumstances, even within the period prescribed by the statute”.
We, therefore, hold in accordance with Jonathan L. mindful of our handicap occasioned by the lack of an opinion by the Appellate Division and, disagreeing with Stella where necessary, for the following reasons:
1. Vlado’s language in apparent contradiction of Jonathan L. is dictum;
2. There is no excusable default here as there was in Vlado, especially in view of the much longer unexplained delay and the fact that the certification by the Board of Education and the physician make no pretense at being timely dated, being in fact executed almost simultaneously with the papers submitted for a school year ending two years ago;
3. Reimbursement for tuition paid and education furnished it at stake as opposed to tuition due and owing for "needed” education as required by section 232;
4. This matter is being decided in the First Department as opposed to Stella decided in Queens County in the Second Department and governed by Vlado, whatever its effect.
Given the apparent disagreement between the First and Second Departments, taken together with this court’s respectful disagreement with a holding of equal import in Stella as to the distinguishing factors between these appellate holdings, an appeal from this order would appear to be most appropriate to clarify the chaotic state of the law as it now stands.
While the court sympathizes with petitioner, it must reluctantly deny the instant application.

. Inquiry at the Appellate Division yielded the fact that no confidential opinion was on file either.

. Section 232 makes funds available (subd [a], par [1]) "Whenever a child — under the provisions of this act appears to the court to be in need of special educational training” (emphasis added).