Matthew F. Coppola, J.
This proceeding was brought pursuant to section 232 of the Family Court Act for the purpose of obtaining an order of the Family Court for the special educational needs of William Davis, a handicapped child. At the outset all parties agreed that the child is handicapped within the meaning of section 232 of the Family Court Act, and that the school in question, the Margaret Chapman School, is appropriate for his needs.
The sole question to be determined is whether this court may order the parents to contribute to the cost of maintaining this handicapped child at the said Margaret Chapman School. It is the decision of this court that such authorization exists.
Section 413 of the Family Court Act, as amended by chapter 937 of the 1974 Session Laws of New York, provides as follows:
"§ 413. Father’s duty to support child.
"The father of a child under the age of twenty-one years is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child’s support a fair and reasonable sum according to his means, as the court may determine.” Section 414 of the Family Court Act, places a similar responsibility on the mother if for some reason- the father cannot respond therefor. Section 416 of the Family Court Act, includes education expenses as an element of support which the court may order. This obligation to support is a continuing one and remains so despite the existence of a statutory scheme such as that involved herein, designed to assist a given class of child.
*661 All minor children are entitled to be educated. This right extends to handicapped children as well. In the case of the handicapped, the Legislature has recognized the need for special educational services. Accordingly, section 232 of the Family Court Act, invests this court with broad discretion to provide a handicapped youngster with special educational training in appropriate cases. However, there is nothing in section 232 which relieves the parent' of his support responsibility. The fact that the Family Court is empowered to enter an order for the special educational needs of a handicapped child, including the necessary tuition, transportation and maintenance, does not work to relieve the parent of the obligation to support and to maintain said child in keeping with his ability to do so (Matter of Claire, 44 AD2d 407; Matter of Logel, 78 Misc 2d 394; Diana L. v State of New York, 70 Misc 2d 660).
Counsel for the petitioner contends that whereas section 234 of the Family Court Act empowers the Family Court to order a parent to contribute to maintenance costs in a New York City matter, there is no specific authority empowering the Family Court to so proceed outside New York City. In response thereto this court holds as did Judge Dachenhausen in Diana L. (supra), that it was not the legislative intent in this regard to distinguish between proceedings within New York City and those without. "To hold otherwise would, in effect require parental contribution in New York City only and not elsewhere in the State, which would work a clear violation of the equal protection clause of our Constitution” (Diana L., supra, p 665).
In keeping with the provisions of section 413 and 414 of the Family Court Act relating to parental support obligations, together with section 416 wherein the expense of educating a child is specified as an element of support, this court holds that where a parent is able, a "suitable order” as authorized by section 232 of the Family Court Act, may provide for parental contribution toward maintenance.
In the instant case the petitioner testified that during the year of 1974 his gross income was $39,208. An expense schedule was submitted and made part of the record. This schedule has been carefully considered by the court.
Under all the circumstances herein the court directs that the petitioner contribute the sum of $1,000 toward the maintenance cost of $3,480, this sum to be paid directly to the *662 Margaret Chapman School for the period September 1, 1974 to August 31,1975.
All other issues having been resolved as between the respective parties hereto, an appropriate order is to be submitted incorporating therein the amount of parental contribution as above determined.