Rudolph Di Blasi, J.
In these three handicapped petitions, the petitioners seek an order of this court under section 232 of the Family Court Act granting the cost of the tuition, plus maintenance at the Summit Residential Treatment Facility. This court is satisfied that, based on the HC-3 forms submitted and the expert testimony adduced at trial, that all three petitioners herein are qualified to receive benefits within the meaning of section 232 of the Family Court Act. (See the discussion of the standards for qualification under section 232 in Matter of Stein, 81 Misc 2d 91, and — Matter of Mecca, 82 Misc 2d 497.)
There is ample authority to support the position that an order of reimbursement of the costs of tuition for children qualified under section 232 of the Family Court Act must be *667 made without reference to the means of the parents to pay such charges. (Matter of Logel, 78 Misc 2d 394; Matter of Kirschner, 74 Misc 2d 20; Matter of Downey, 72 Misc 2d 772.)
There is also ample authority to the effect that maintenance costs as distinguished from tuition, of a child in need of special education under sections 232 and 234 of the Family Court Act are subject to assessment against the parents in accordance with their means to pay. (Matter of Claire, 44 AD2d 407; Matter of Charilyn "N”, 46 AD2d 65; Matter of Logel, supra.)
Being satisfied that the petitioners herein are handicapped and qualified, the court is obliged to order the full pay of their tuition and the payment of their maintenance to the extent their families are unable to pay. But in these three petitions, the Corporation Counsel, representing New York City, the potential payor, maintains that the charges requested by the Summit School, in which all three petitioners are enrolled, are unreasonably high. The city’s position raises the question of whether it is within the Family Court’s discretion to determine the reasonableness of the charges sought by the facility, and make an order of payment for an amount less than the total bill, even where parents of the petitioners have no ability to contribute.
Although there is no published case in point, this court holds the view that a plain reading of the applicable statute allows the Judge the use of his discretion in determining the propriety of the proposed charges. Further, this court is of the view, that an order made under section 232 of the Family Court Act, must reflect such a determination.
" 'It is a cardinal principle to be observed in construing legislation that the court should neither limit nor extend its plain language’ * * * Resort is to be had first to the words and language of the statute to determine its construction and application and 'it is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning.’ [citations omitted].” (Zachary v Macy & Co., 39 AD2d, 116, 119.)
Subdivision (b) of section 232 of the Family Court Act, provides, "Whenever a child within the jurisdiction of the court appears to the court to be in need of medical, surgical, therapeutic, or hospital cases or treatment, a suitable order may be made therefor.” The plain language provides for a *668 suitable order, and it is the opinion of this court that a suitable order is one that takes into account the needs of the child without unduly placing an unnecessary burden upon the public purse that must pay the bill. As much as this court is the protector of the handicapped child and obliged to provide for the needs of such child, still, as a public officer, the court must be concerned, to some extent with the welfare of the community at large, and the unnecessary depletion of the community’s resources. A Judge is not a rubber stamp, no matter how noble the object sought to be obtained in the relief requested by a petitioner. This court holds, therefore, that it may use its discretion as to the reasonableness of expenses charged by a facility which provides services for handicapped children, wherein reimbursement for such costs is mandated under section 232 of the Family Court Act. (See Matter of McDonald, 76 Misc 2d 532, 535, n 3.)
In applying this rule to the instant petitions, the court has taken the following facts into consideration.
Summit Residential Treatment Center is a nonprofit organization, although, nontheless, the director and founder, Mr. Stiskin, receives a salary of $30,000 per annum as its chief administrator. This is not, in and of itself, an unreasonable compensation for a full-time qualified director of an institution of this kind. However, by his own testimony, Mr. Stiskin admits to receiving a salary of $39,000 per annum as the full-time director of the Summit School in Queens, New York, and a total of $4,000 to $6,000 per annum as director of two separate travel programs for handicapped children.
Moreover, Mr. Stiskin operates a summer camp for handicapped children, although he testified he received no salary for his services this year. It is clear that Mr. Stiskin cannot be the full-time director of the Summit Residential Treatment Center (Nyack) in light of the abundance of his other interests and activities. $30,000 is rather a generous compensation for an absentee administrator. Further, Mr. Stiskin testified that his wife has been in the past an employee of Summit Residential Treatment Center, and will return to her position on that payroll in September, 1975 at $10,000 per annum.
However inflated administration costs are, they are just the tip of the fiscal iceberg in this situation. The figure of nine months annual payroll of $85,000 for 17 full-time qualified child care workers seems a clearly reasonable expense. But what is doubtful is whether such a low ratio of worker to child *669 supervision is necessary to accomplish the object mandated by section 232 of the Family Court Act.
This low ratio may be educationally and psychologically desirable for these afflicted children, but is certainly a luxury, the cost of which cannot be justified at public expense. A handicapped child is entitled to as good an education as one not so afflicted, but not to a better one than other handicapped children are getting at other schools with far lower rates of maintenance costs. Such a child is not entitled to the best "that money can buy” when it is public money that is doing the buying.
In these times of government financial crises, there are too many equally worthy purposes competing for public funding to be lavish with one of them at the expense of adequacy of the others. In any event, the record discloses that there is financial ability for contribution on the part of the families of Mark Butcher and Charles Chandler.
Upon the foregoing, it is the judgment of this court that an order be entered on behalf of David Baker as a charge upon the City of New York in the amount of $1,108.23 for his tuition at the Summit Center and $5,000 for his maintenance, and that one half of these charges be reimbursed to the City of New York by the State of New York.
It is further directed that a similar order be entered on behalf of Mark Butcher in the amount of $1,183.23 for his tuition and $3,000 for his maintenance, and that a similar order be entered on behalf of Charles Chandler in the amount of $809.08 for tuition and $4,000 for maintenance.