◼ In the Matter of DAVID MEYER, a Handicapped Child. In the Matter of CHARLES ZARRA, a Handicapped Child. In the Matter of MARK LIPSHONSKY, a Handicapped Child. DAVID MEYER et al., Appellants; CITY OF NEW YORK et al., Respondents.—In three proceedings to provide for the education of a handicapped child pursuant to former section 232 of the Family Court Act, the petitioners appeal, as limited by their brief, from so much of three orders of the Family Court, Queens County (one in each proceeding), dated October 20, 1975, as, after hearings, directed that the City of New York pay only a portion of the maintenance charges for each child. Order as to David Meyer reversed insofar as appealed from, on the law, without costs or disbursements, and the city is directed to pay the full maintenance cost of $8,300 for the period in question. Orders as to Mark Lipshonsky and Charles Zarra reversed insofar as appealed from, on the law, without costs or disbursements, and proceedings remanded to the Family Court for a hearing to determine how much each family can contribute to the maintenance cost, without regard to the reasonableness of the school's charges. In these proceedings the Family Court, in an opinion captioned *Matter of Butcher* (82 Misc 2d 666), determined that former section 232 of the Family Court Act authorized it to inquire into the reasonableness of the maintenance charges of a residential school approved by the State Department of Education for the instruction of handicapped children. The Family Court is not equipped to make such a determination. A school, before it is approved, must submit its budget and its proposed charges to the State Department of Education, which determines whether the State will contract with it for the education of these special children. The Family Court, upon a petition by a parent of a handicapped child for reimbursement of tuition and maintenance charges, cannot refuse to reimbursement to the parent on the ground that the school is too expensive. It is usually the State which places these children in a particular school; it is not the responsibility of the parents to make a comparative study of the costs of various schools. The Family Court no longer has jurisdiction to consider a petition for reimbursement. The Legislature recently revised the Education Law and placed exclusive juris-

diction over the costs of educating handicapped children with the Commissioner of Education and the Director of the Division of the Budget (Education Law, § 4401). The process of approving a school for the benefit of the handicapped will eliminate schools whose costs are unreasonably high. Hopkins, Acting P. J., Latham, Damiani and Hawkins, JJ., concur.