De Forest C. Pitt, J.
The petitioner has commenced this article 78 proceeding against James E. Allen, Jr., as Commissioner of New York State Education Department, to obtain a judgment directing Commissioner Allen, “ to exercise his powers pursuant to Section 306 of the State Education Law, subdivision 1 and 2 to suspend and/or dissolve the New York City Board of Education, and upon such suspension or dissolution, to assume the direction and administration of the New York City School System, subject to the further order of this court”. The respondent has moved to dismiss upon the ground that the petition fails to state facts sufficient to constitute a cause of action, and upon the further ground that all necessary parties (specifically, the Board of Education of the .City of New York) have not been named as respondents. Section 306 of the Education Law reads as f ollows:
“ § 306. Removal of school officers; withholding public money. 1. Whenever it shall be proved to his .satisfaction that any trustee, member of a board of education, clerk, collector, treasurer, district superintendent, superintendent of schools or other school officer is a member of an organization listed as subversive by the board of regents pursuant to the provisions of section three thousand twenty-two of this chapter, or has been guilty of any wilful violation or neglect of duty under this chapter, or *44 any other act pertaining to common schools or other educational institution participating in state funds, or wilfully disobeying any decision, order, rule or regulation of the regents or of the commissioner of education, said commissioner, after a hearing at which the school officer shall have the right of representation by counsel, may, by an order under his hand and seal, which order shall be recorded in his office, remove such school officer from his office.
‘ ‘ 2. Said commissioner of education may also withhold from any district or city its share of the public money of the state for wilfully disobeying any provision of law or any decision, order or regulation as aforesaid.”
Immediately apparent from a reading of the aforesaid is that the most this court could compel the respondent Commissioner to do at this juncture would be to hold the required hearing at which it could be determined, “ to his satisfaction ”, that the New York City Board of Education was violative of one or more of the enumerated acts. To direct the suspension or dissolution of the Board of Education would be an unpardonable and, it is felt, unlawful intrusion upon the discretion of the Commissioner.
However, considering the petition herein as a request for judgment compelling such a hearing, a reading of the quoted section again most apparently reveals that the holding of a hearing is permissive only and far from mandatory.
This is particularly so when reflection is given to the underlying factual situation. The closing of the New York City schools and the dispute between the New York City Board of Education and the United Federation of Teachers are well publicized and known to be a most serious and complex situation. Certainly to direct the Commissioner of Education to undertake a particular course of action would be an improvident exercise of discretion and a classic example of lack of judicial restraint. Moreover, it is clearly established the remedy of mandamus is not available to compel an act in respect to which the respondent may exercise judgment or discretion. (Matter of Gimprich v. Board of Educ. of City of N. Y., 306 N. Y. 401.) It is an extraordinary remedy and the courts, in the exercise of judicial discretion, are reluctant to grant the same, particularly if it would cause disorder and confusion in public affairs. (Matter of Izzo v. Kirby, 56 Misc 2d 131.)
The above renders unnecessary a discussion of whether or not all necessary parties have joined in this proceeding. Submit judgment dismissing petition.