T. Paul Kane, J.
This is an article 78 proceeding against the State of New York Education Department in which petitioner seeks, among other things, to compel respondent to provide State aid pursuant to section 4407 of the Education Law.
Petitioner is the father of Michael I. Serotte who has been diagnosed as a handicapped child caused by cerebral dysfunction with hyperactivity and learning disabilities, as well as problems of an emotional nature. The child was enrolled in the Amherst School District No. 18 in September of 1963 and continued through the second grade during which grade serious behavior problems arose although he received passing grades to the third grade. During the third grade, due to the behavioral adjustment problems he was placed in a special class sponsored by the Board of Cooperative Educational Services at the Harris Hill Annex where he progressed significantly and was transferred hack to the Amherst School for the fourth grade. During the fourth grade difficulty with scholastic achievement was apparent and emotional problems again surfaced to the point where the petitioner made requests to the school district for special education classes, which request *1000 allegedly continued through the fifth grade, the response to which was that the child was progressing in the regular classroom situation. The petitioner then enrolled the child in a school out of the district in Williamsville School District at the Maple Road East School where he again allegedly progressed academically and adjusted well emotionally. In October, 1969 the child was enrolled in the Pathway School, Norristown, Pennsylvania which has a special education program and is registered with the Department of Education. Prior to this enrollment petitioner made an application for State aid under section 4407 of the Education Law which application was denied in December of 1969 for the reason that a public school program was available. It is this determination which is raised in this article 78 proceeding.
Among other defenses respondent contends that the failure to join the local school district as a party to this proceeding Constitutes a fatal defect. Petitioner commenced a separate proceeding against the Amherst School District No. 13 and moved for consolidation of these proceedings which motion was granted thereby correcting this defect.
The supporting affidavits annexed to the petition adequately support the conclusion that this child of petitioner is within the statutory definition a “handicapped child” (Education Law, § 4401, subd. 1). Since the respondent based its refusal of State aid upon a determination that there is an adequate public school program for the child and further that the child can be expected reasonably to benefit from instruction (8 NYCRR 200.4; Education Law, § 4407), petitioner would have to show that this determination had no reasonable basis in order to show a clear legal right to relief. There is nothing contained in the petition which demonstrates pure arbitrariness (Matter of Board of Educ. v. Allen, 6 N Y 2d 127; Matter of Ocean Hill-Brownsville Governing Bd. v. Board of Educ., 23 N Y 2d 483). By his own admission petitioner supports the conclusion that under the special class provided by BOCES, his son progressed significantly. It is, therefore, the conclusion of this court that petitioner has not demonstrated a clear right to relief and therefore the petition must be dismissed (Matter of Mansfield v. Epstein, 5 N Y 2d 70; Matter of Gimprich v. Board of Educ., 306 N. Y. 401; Matter of Gorfinkel v. Allen, 58 Misc 2d 43).
Judgment may enter accordingly.