Saul Moskoff, J.
This is a proceeding brought nominally pursuant to section 232 of the Family Court Act for an order providing for the education of a handicapped child in a residential school at public expense. While the petition purports to be based on section 232 of the Family Court Act, numerous other provisions of statutory law appear to be involved including section 234 of the Family Court Act and sections 4403 and 4407 of the Education Law. In passing, it may be noted that the present statutory law is a mumho jumbo, unconsolidated and inartistically promulgated. Revision would be extremely appropriate so as to clarify the ambiguity found in the laws as they exist today.
*304 The Corporation Counsel moves to dismiss the proceeding as a matter of law on the ground that the petition fails to allege and attach the certificate and recommendation of the Superintendent of Schools and the certificate of approval of the Commissioner of Education of the State of New York, as required, he contends, pursuant to section 4403 of the Education Law.
The petition alleges that the Board of Education declines to issue the certificate and recommendation because it holds that the subject child is educable in its trainable mentally retarded program in the public schools.
Thus, before the court may entertain the petition and determine the facts as to whether the child is a handicapped child within the definition of the law and whether the public school system can offer an adequate educational facility sufficient to supply the child’s needs, it is confronted with a threshold question, to wit, is the failure to obtain the certificate and approval referred to fatal to the maintenance of the proceeding?
A review of the relevant statutes is in order. Subdivision (b) of section 115 of the Family Court Act provides that “ [t]he family court has such other jurisdiction as is set forth in this act * * * and proceedings concerning physically handicapped and mentally defective or retarded children” and in subdivision (c) “ such other jurisdiction as is provided by law.”
Section 232 of the Family Court Act provides, insofar as here relevant, that in the case of a physically handicapped child, the court may accept the certificate of the State Department of Education as to the child’s educational needs, including home teaching, transportation scholarships, tuition or maintenance. Where the court finds the child to be in need of special educational training, a suitable order may be made for the education of the child in a “ suitable institution ” and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county (in New York City, upon the city government).
Section 234 of the Family Court Act, entitled “ Educational service in counties within the city of New York ” would appear to be appropriate to this proceeding. It provides that in the case of a child within its jurisdiction, after satisfactory proof of the need thereof, the court may make an order for its (i) maintenance, (ii) transportation, (iii) education, (iv) tuition and except for children with retarded mental development, (v) home teaching, or (vi) scholarships. The court in making such order, after proper hearing, may require the person or persons liable for the support of the child, to pay a part or all of the expense of such service. The section does not provide for the manner *305 in which the balance above the sum to be paid by the persons liable for support of the child, is to be paid.
Article 89 of the Education Law deals with the subject of “ Physically and Mentally Handicapped, Emotionally Disturbed, Delinquent and Non-English Speaking Children.” Section 4401 defines a ‘ ‘ handicapped child. ’ ’ Assuming the truth of the allegations of the petition for purposes of this motion, the subject child fits the definition as provided in this section.
Section 4403 imposes upon the State Department of Education the power and duty to provide for the educational needs for handicapped children “ in whole or in part from funds of the department, when not otherwise provided by parents, guardians, local authorities or by other .sources, public or private.” The section then provides that ‘ ‘ when the family court, or the board of education of the city of New York, shall issue an order to provide for the education, including home-teaching, transportation, scholarships, tuition or maintenance, of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate to such effect”. The section further provides that the cost of the special educational services shall be allocated one half against the city in which the child resides and the remaining one half against the State. The section sets forth no limitation upon the sum that may be imposed.
Finally, section 4407 of the Education Law provides that when it appears to the satisfaction of the Department of Education that a handicapped child is in need of special educational facilities which are not available in a public facility because of the unusual type of handicap, the department may contract with an educational facility, within or without the State, for the, education of such child, limited, however, to the extent of $2,000 per year for each pupil.
From the foregoing hodgepodge, the court concludes that the last cited section, 4407, relates to an administrative procedure and has no relationship to a proceeding brought in the Family Court.
None of the statutes cited either explicitly or by inference requires certification or approval either by the local school authorities or the State Department of Education as a condition precedent to the granting of relief by the Family Court. The only references to the certification is found in section 232 of the Family Court Act and section 4403 of the Education Law. The Section 232 provision merely states that the Family Court may accept the certificate of the State Department of Education as to the educational needs of the child. The permissive tone of *306 the statute is obviously designed to obviate the need to take extensive proof and testimony ,as to needs if such certificate is provided. If no certificate is provided, it is incumbent upon the petitioner to establish that the child is a handicapped child within the statutory definition and that adequate public facilities are not available to provide for the child’s educational needs.
Section 4403 of the Education Law provides for the issuance of a certificate by the State Department of Education but only upon the issuance of the order by the Family Court, not prior thereto.
While the issuance of the certificate would be helpful to the court, its absence does not preclude the court from proceeding. If the authorities feel that the circumstances do not warrant relief in any given case, they are free to appear in the proceeding to oppose the application. Indeed, a movant is required to notify' the Attorney-General, the Commissioner of Education and the appropriate county and municipal authorities. (Matter of Leitner, 38 A D 2d 554.)
If after the entry of a Family Court order, the Commissioner of Education declines to issue the necessary certificate, a remedy is available by way of a proceeding under article 78 New York CPLR. • (Matter of Serotte v. New York State Educ. Dept., 63 Misc 2d 999.)
For the foregoing reasons, the motion to dismiss the petition is denied.