Isidore Levine, J.
The question presented is, does, the Family Court have jurisdiction to order the State to contribute to the education of a handicapped child under section 4403 of the Education Law even if the child is pn public assistance.
The Commissioner of Education argues that the motion is premature and the Family Court may not impose liability for the cost of an order upon the State. A literal reading under section 232 (subd. [a], par. [1]) of the Family Court Act would support the Commissioner’s argument because it says: n a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the proper subdivision thereof wherein the child is domiciled at the time application is made to the court” (emphasis added). Where a law expressly prescribes a particular act, thing or person to which it shall apply, the inference must be drawn that what is omitted should be excluded. Therefore a very strong argument can be made that since the Legislature expressly enumerated who could be charged with the education of a handicapped child and since neither the State of New York nor the Education Department is enumerated, then they cannot be charged.
This argument, however, can be legally countered by the fact that most' of the Family Courts in making their orders for the education of a handicapped child have been charging the State with reimbursement as a matter of course and the City of New York has not been required to institute an independent article 78 proceeding to receive 50% of its payment from the State of New York, as now contended by the State Education Department. Nothing contained in the case of Matter of Daber (71 Misc 2d 303) is to the contrary, since in this latter case the certificate and recommendation of the Superintendent of Schools and the certificate of approval of the Commissioner of Education of the *555 State of New York had not been obtained because they contended that the child was educable in the city’s trainable, mentally retarded program in its public schools. Accordingly, the court in Baber held that before it could issue an order under section 232 of tha Family Court Act it was necessary to resolve the threshold question of whether the public school system can offer an adequate educational facility sufficient to supply the child’s needs. The court then added (p. 306), perhaps gratuitously, that “ If after the entry of a Family Court order, the Commissioner of Education declines to issue the necessary certificate, a remedy is available by way of a proceeding under article 78 New York CPLB.”
Clearly, the court did not say, as now argued by the attorney for the Commissioner of Education, that the Family Court does not now have jurisdiction to order the State of New York to pay one half of the cost imposed upon the City of New York for the handicapped child, nor did the court say that the State of New. York, can only be ordered to pay over its objection by an order of the Supreme Court following an article 78 proceeding instituted by the City- of New York onfee it has been ordered to pay for the handicapped child in the Family Court. Moreover, it would be a duplication of effort to require the City of New York to start .a new article 78 proceeding in the Supreme Court after thorough argument in the Family Court and submission of extensive briefs by both sides and where appeal from either a Family Court order- or a Supreme Court order would still go to the Appellate Division, be it Second or Third Department.
Subdivision 1 of section 4403 of the Education Law clearly statds that “when the family court * * * shall issue an order * * * for the education * * * of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate to such effect ”. The section further provides that the cost of the special education services shall be allocated one half against the city in which the child resides and the remaining one half against the State.
It will be noted from the letter of'William H. Staples, Supervisor in Education of the Handicapped, dated August 8, 1972, and the letter of the Counsel to the Commissioner of Education dated January 8, 1973, that the State Education Department concedes that the child herein is handicapped, but- has refused approval solely because the child is a public charge, which refusal, as hereinafter discussed, is invidious discrimination, and, as such, unconstitutional.
*556 “ The practical construction put upon a constitutional provision, as well as upon a statute, by the Legislature or by departments of S-tate government, is entitled to great weight, if not controlling influence, when such practical construction has continued in operation over a long period of time. (People v. Home Ins. Co., 92 N. Y. 328, 337; City of New York v. New York City Ry. Co., 193 N. Y. 543, 548 ” (Matter of Kolb v. Holling, 285 N. Y. 104, 112 [1941]).
“ While practical construction by an officer or agency charged with the administration of a statute, especially when followed by a long period of time, is entitled to great weight and may not be ignored * * * such an interpretation is not necessarily binding on the court but nonetheless Constitutes an element to be considered (McKinney’s Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 93).” (Ferraiolo v. O’Dwyer, 302 N. Y. 371, 376 [1951]).
This court is of the opinion that the better viewpoint was taken in the ease of Matter of Leitner (40 A D 2d 38). In that case the Appellate Division, Second Department, modified a Family Court order stating (pp. 44-45) “ while the costs shall be paid in the first instance by the County of Westchester, said county shall be reimbursed to the extent of one/half its payments by the State of New York”.
In reaching this conclusion/ the court acknowledged that the Family Court had broad discretion to provide handicapped children with .special education in appropriate cases pursuant to subdivision (b) of section 115 and section 232 of the Family Court Act. Furthermore once a Family Court order is made, pursuant to section 232 of the Family Court Act, section 4403 of the Education Law is applied. That section sets forth a detailed method for allocating cost between the State and local government.
In the case at bar, as heretofore indicated, the State contends that, since there was no preapproval under section 4403 of the Education Law by the State Education Department, it cannot be charged with, reimbursement for one half the cost under .subdivision 3 of section 4403 of the Education Law. It is the court’s opinion, however, that there is in effect such approval from the State Education Department, because in his letter of January 8,1973 the Counsel to the Commissioner of Education states that the only reason for not approving this child is that she is a public charge and that the cost of this education should be. borne by the local social .services agency. After acknowledging that the child has been approved for attendance at the Maimonides School, the letter goes on tp .state:
*557 “ I note that this child is a public charge, and that pursuant to section 395 of the Social Services Law, a public welfare district shall be responsible for the welfare of children who are in need of public assistance and care, support and protection, residing or found in its territory insofar as not inconsistent with the jurisdiction of a Family Court. This Court clearly has jurisdiction over this handicapped child, who is the responsibility of the local social services agency. With regard to handicapped children, subdivision 4 (a) of section 398 of the Social Services Law provides that it is the duty of the Commissioner of Public Welfare and City Public Welfare Officers to 1 obtain admission to state and other suitable schools * * * in accordance with the provisions of the mental hygiene law, educaion law and acts relating to the family court. ’
“ The duty of the Education Department to provide tuition, maintenance, transportation for handicappd children imposed by Section 4403 of the Education Law is limited to those instances in which these services cannot be provided by parents, guardians, local authorities or by other sources, public or private. The cost of the services sought by petitioner should be borne by the local social services agency. Therefore, the Commissioner of Education could not issue a certificate of approval for state aid in this matter.”
If the court were to follow the Education Department’s reasoning, it would thus be sanctioning invidious discrimination against all handicapped children who are public charges. In practice many Family Courts do not require a parent to contribute to the cost of educating his handicapped child. They do not even go into the question of funds of the parent. See Matter of Downey (N. Y. L. J., Feb. 15, 1973, p. 17, col. 7 [Family Ct., New York County]), where it was held that it would be a violation of the equal protection clauses of both Fourteenth Amendment of the United States Constitution and section 2 of article I of the New York State Constitution to require parents or guardians to contribute to the cost of educating their handicapped child, since- a free education is provided by the State to all other children. (See, also, Reid v. Board of Educ. of City of N. Y., 453 F. 2d 238 [2d Cir., Dec. 14, 1971]; Brown v. Board of Educ., 347 U. S. 483. [1954]; and Matter of David H., 72 Misc 2d 59 [Family Ct., Queens County, 1972].)
In view of the foregoing, the motion for State reimbursement should be granted as part of the order imposing liability for the education of a handicapped child on the city.
*558 The attorney for the petitioner is directed to submit a long-form, order directing the City of New York to pay $2,000 to the Maimonides School at .34-01 Mott Avenue, Far Rockaway, New York to be applied toward the education of the handicapped child herein and that the State of New York be directed to reimburse the City of New York, to the extent of 50% thereof, or $1,000.