Nanette Dembitz, J.
This is a proceeding under section 232 (subd. [a], par. [1]) of the Family Court Act of New York State for an order for special educational services for a physically handicapped child. Petitioner mother seeks a determination that, the City of New York should pay the tuition charge at a private, educational institution for her 13-year-old daughter, on the ground that no appropriate services are provided for her in the public schools in the district in which she resides. The child’s need for special education is conceded by all parties, as well as the propriety under section 232 (subd; [a], par. [1]) of an order for payment for such education by the City of New York. In controversy is the motion by the City of New York for an order *724 under section 4403 of the New York State Education Law directing the State of New York to reimburse the city for one half of the cost of the child’s tuition. The State, through the State Commissioner óf Education, contests this court’s jurisdiction to make such order for reimbursement as well as the State’s liability for reimbursement under the circumstances of this case. This court holds that it lacks jurisdiction to direct reimbursement by the State despite the fact that such reimbursement appears proper.
Section 4403 of the Education Law provides:
“1. * # * When the family court * * * shall issue an order to provide for the education * * * of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate to such effect * * *
"2. One-half of the cost of providing * * * tuition * * * as provided in subdivision one of this section, as certified by the commissioner of education, is hereby made a charge against the county or city in which any such handicapped child resides, and the remaining one-half of the cost thereof shall be paid by the state out of moneys appropriated therefor. ’ ’
The State Commissioner bases his argument against reimbursing the city pursuant to section 4403 on statutory construction. He argues that certain provisions of the Social Services Law mandaté the unreimbursed payment by the city, through its Social Services Commissioner, of the entire cost of this child’s tuition because she is receiving public assistance for living expenses.[1]
The authority of the State Commissioner of Education under section 4403 to approve or disapprove this court’s order is unquestionably subject to judicial review. (Cf. Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127, 136.) In urging that this court has jurisdiction to conduct such review, the city stresses the circumstance that only legal rather than factual issues are involved in the State Commissioner’s refusal to reimburse the city. This circumstance affects, in this court’s opinion, the' standard of review to be employed by the reviewing court; that is, the principle that the Commissioner’s decision is to" be upheld *725 unless “ purely arbitrary ”[2] appears inapplicable. On the issue here involved — the construction of the Social Services Law — ■ it appears that the question should be decided de novo by the reviewing court, there being no presumption in favor of the Commissioner’s construction of a statute he does not administer. However, as with any statutory authority, the Commissioner’s exercise of his power under section 4403 necessitates an initial administrative judgment on legal as well as factual questions (cf. Oliver v. Donovan, 293 F. Supp. 958, 965 [E. D. N. Y., 1968]); and the fact that here the Commissioner’s refusal to reimburse is based on a legal ground does not affect the issue of this court’s jurisdiction to review his action.
There is no indication in the Family Court Act that the Family Court is to exercise jurisdiction with regard to State reimbursement under section 4403 of the Education Law. Section 232 (subd. [a], par. [1]) of the Family Court Act merely provides that the cost of special educational services is to be a charge upon the county of the child’s domicile. The general provisions of section 115 of the Family Court Act as to this court’s exercise of 1 ‘ such other jurisdiction as [provided by law] ’ ’, are of no avail. Bather than providing for such jurisdiction, the language of section 4403 that the Commissioner is to approve the Family Court order, negates the view that the Family Court has jurisdiction to direct the Commissioner to issue the certificate for reimbursement. While the State Commissioner cannot of course countermand the Family Court’s order for payment by the county under section 232 (subd. [a], par. [1]), the Legislature apparently intended that the Commissioner make his own appraisal of the child’s need for the purpose of payment by the State.
Nor does the instant case present an appropriate situation for application of the doctrine of ancillary jurisdiction. (See Morrow v. District of Columbia (417 F. 2d 728, 739-740 [D. C., 1969] and cases there cited.) Under that doctrine this court might well extend its jurisdiction over the State Commissioner if a direction to him were essential to effectuate a judgment of this court. However, this court’s function is to assure that the handicapped child receive special educational services at public expense when needed; a decision as to whether the State should reimburse the city is not essential to a determination of the child’s needs or to their satisfaction. While this court of course *726 deplores duplication of judicial decision and fragmentation of issues, this concern does not meet the criteria for exercise of ancillary jurisdiction.
This court has explored the issue raised by the State Commissioner sufficiently to form the opinion that his legal view is erroneous and that his refusal to reimburse the city is" invalid. However, this question must be determined in proceedings under CPLR article 78 for the review of administrative determinations. (See Matter of Council of Supervisory Assn. of Public Schools of N. Y. City Associations v. Board of Educ. of City of N. Y., 23 N Y 2d 458, 459, 465; Matter of Posner v. Rockefeller, 60 Misc 2d 597, 599 [Sup. Ct., N. Y. County], vacated on other grounds 33 A D 2d 683; Matter of Serotte v. New York State Educ. Dept., 63 Misc. 2d 999.)
Matter of Leitner (40 A D 2d 38, supra), is entirely consistent with this result. The court there, summing up the effect of the Family Court order for payment by the county for special educational services, noted that the county would be partially reimbursed (p. 44). There the Commissioner of Education had already given his approval of1 the Family Court order (p. 39); and the court did not address itself to the appropriate remedy in case of a disapproval.(p. 41).
Accordingly the petition for an order for payment by the City of New York of the amount required for tuition for petitioner’s child is granted, and the motion by the city for an order requiring reimbursement by the State Commissioner of Education is denied.

. In order to expedite the conclusion of this dispute, it is assumed for the purpose of this motion that this court has issued the eoneededly proper order for city payment of the child’s tuition and that the Commisisoner has in accordance with his argument here refused to issue a certificate of approval under section 4403. To the extent that this court has jurisdiction with regard to the Commissioner’s approval, the order for public payment of the tuition and such approval can expediently be considered at the same time. (See Matter of Leitner, 38 A D 2d 554, mod. 40 A D 2d 38 [2d Dept.].)

. See Matter of Council of Supervisory Assn. of Public Schools of N. Y. City v. Board of Educ. of City of N. Y., 23 N Y 2d 458; cf. Matter of Serotte v. New York State Educ. Dept., 63 Misc 2d 999 (Sup. Ct., Albany County).