Joseph Vohnout, J.
Petitioner herein, Rosemary B. commenced a proceeding (by notice of petition verified the 17th day of July, 1974 returnable the 14th day of August, 1974 seeking reimbursement from the respondents for the sum of $1,600 paid for tuition expenses for the school year 1973-1974 and for expenses for the school year 1974-1975 less the amount to ibe received from the State of New York, pursuant to section 4407 of the Education Law.
The County of Westchester and the iCity of Yonkers assert the defense of laches with respect to the school year 1973-1974. The Board of Education of the City of Yonkers contends that section 4403 of the Education Law makes the charges for the education of a handicapped child, a charge against the County of Westchester or the City of Yonkers.
Ewald B. Nyquist in his capacity as Commissioner of Education asserts that with respect to the 'State of New York, the Family Court does not have jurisdiction under section 4403 of the Education Law to order the State to pay one half the charges for the education of Robert B. This answer to the cross claim of the City of Yonkers states on page two ‘ ‘ Upon information and belief, that respondent, Commissioner of Education, should not properly ibe deemed a party in this proceeding, but rather, a recipient of notice pursuant to the decision of the Appellate Division, Second Department in Matter of Leitner 38 A D 2d 554.”
*649 The attorney for the petitioner herein in the conclusion of his memoradum of law states: 1 ‘ For the foregoing reasons, petitioner’s claim for reimbursement for tuition expenses for the school year 1973-1974 in the amount of $1600 should be granted by a joint judgment in her favor against the respondents.”
The relief sought herein with respect to the State of New York, should be brought in an article 78 proceeding in the nature of mandamus in ¡Supreme .Court, Albany -County.
In Matter of Arthur K. (74 Misc 2d 872, 873) Judge Zukermah in Family ¡Court, Kings County stated: “ There is no question of the parents’ eligibility for State aid, as the Commissioner of Education has already indicated, by letter from James Whitney, that he would issue a certificate of approval for State aid in the amount of $1,750 for the 1972-1973 school year if. the court granted that relief (as it already has done).
“ The only defense by the State and the city is that the application for reimbursement for the 1971-1972 school year was not timely made. ’ ’
With respect to the defense of the New York State Education Department that the petitioner’s claim for reimbursement ¡was made .subsequent to June 30, 1974 the court finds that to sustain that position would be violative of petitioner’s rights under section 1 of article XI of the New York State Constitution which states: “ The legislature shall provide for the maintenance and support of a system of free common schools, wherein all the children of this state may be educated.”
The court concludes, however, that this court does not have jurisdiction ¡under the powers granted to it by the Legislature to direct the State of New York to reimburse petitioner for the money expended by her for the education of her son.
Assuming arguendo that the court did have jurisdiction to direct the ¡State of New York to reimburse petitioner for money expended by her, this proceeding would be premature with respect to the State of New York. Subdivision 2 of section 4403 states: “all claims for services rendered .and for supplies furnished and for other expenses incurred in providing ¡such home-teaching, transportation, scholarships and tuition, shall be paid in the first instance by the ¡board of supervisors or other governing elective body of the county or chief fiscal officer of a city in which such handicapped child resides, upon vouchers presented and audited in the ¡same manner as in the case of other claims against the county or city.”
*650 The defense of laches as asserted by the City of Yonkers has no .validity in view of the fact that on -February 28, 1974 the ¡Superintendent of Schools of the City of Yonkers recommended approval for Robert B. to attend the Buckingham School from September, 1973 to June, 1974.
The petition, with .respect to the State of New York and Ewald B. ¡Nyquist in his capacity as Commissioner of Education should ibe ¡dismissed.
The 'decisions in the Family Court in Westchester County have not been entirely consistent with respect to whether charges for the education of a handicapped child should be a charge against the ¡County of Westchester or the city in -which the child resides. Courts in many jurisdictions have criticized the inarticulate manner in which the Legislature drafted section 232 of the Family Court Act which orders special educational services for handicapped children and section 4403 of the Education Law by which such funds are allocated.
In the Matter of Carl G. Anonymous and Matter of Barry T. Anonymous (78 Misc 2d 453), Judge Darongo held the County of Westchester liable to pay the charges for the education of a handicapped child rather than the City of White Plains.
There is obiter dicta in the case however in which the court stated i(p. 461): “ In applying the foregoing discussion to the instant motions before this court, it concludes that under the present existing statutory scheme in carrying out fully the legislative intent with respect to determining the local authority intended by the statutory language under section 232 (subd. [a], par. [1]) of the Family Court Act, 1 county or the proper subdivision thereof ’, and .under subdivision 2 of section 4403 of the Education Law, ‘ county or city ’, that the costs for the special educational requirements of a physically handicapped child are to be a charge either against the county or school district in ‘cities of less than 125,000 population or cities with 125,000' population or more in which any such handicapped child resides (the term ‘ resides ’ being most often used in the Education Law; see article ‘65 of the Education Law, ¡Compulsory Education) .as expressly mandated by the Legislature under articles 51 and 52 of the Education Law.”
In Matter of Bilgre (Dec. 27, 1973) Judge Gurahian directed that payment for the education of a handicapped child be made by the City of White Plains, rather than the 'County of Westchester.
There is a tremendous amount of litigation in Westchester County to determine whether the charges for the education of *651 a handicapped child should be a charge on a city or the county. The court herein joins in urging the Legislature to take action to amend the statutory language of section 232 of the Family Court Act and section 4403 of the Education Law to clearly establish the intent of-the Legislature-with respect to the charges for the education of handicapped children.
This court is compelled to determine, based dn the' ambiguous language of section 232 of the Family Court Act and section 4403 of the Education Law, whether the charges for the education of Robert B. should be a charge against the County of Westchester or the City of Yonkers.
The court concludes that the cost involved in the education of Robert B. shall be a charge against the City of Yonkers.
Based on stipulations between the County of Westchester and the City of Yonkers, in this proceeding and in other handicapped child, proceedings, the order to be entered herein should provide that the City -of Yonkers may move to reargue this decision within 30 days after the decision of the Appellate Division, Second Department in Matter of Bilgre.