Matthew F. Coppola, J.
This proceeding was brought pursuant to section 232 of the Family Court Act for the purpose of obtaining an order for the educational needs of Suzanne E. Suzanne is a multihandicapped child suffering from psychomotor retardation, a spastic quadriplegic whose ability to speak is markedly limited. She is currently in residence at the Duvall Home in Glenwood, Florida, where she has resided since January 1, 1973. Orders for her education as a handicapped child were processed previously through this court for the periods of September 1, 1973 to August 31, 1974 and September 1, 1974 to August 31, 1975. The State Education Department had issued certificates of approval for State aid for each of those periods. With respect to the instant proceeding, which covers the period of September 1, 1975 to August 31, 1976, the State Education Department has refused approval on the ground that Suzanne’s stay at the Duvall Home involves primarily custodial care and that her placement at this facility is not basically for educational purposes.
It is true that the Duvall Home provides Suzanne custodial care, but it does more. It offers her an individual instructional program in reading, the arts, crafts, nature study. More importantly, it provides the setting from which Suzanne attends a public school designed for the special educational needs of the multi-handicapped.
Mrs. Dale Badger, Supervisor of Special Education for the Mamaroneck Free School District, testified, and her testimony is uncontroverted, that Suzanne could not receive this education at any other facility which she has investigated — and her investigation has been exhaustive. In all, Mrs. Badger con *1006 tacted 33 schools by telephone and visited personally three other facilities. She received a negative response from all of these schools, most of which would not accept a nonambulatory child. Interestingly enough, tuition and maintenance costs at virtually every school contacted were considerably higher than is the case at the Duvall Home.
The County Attorney questions whether this child is educable in view of her many disabilities, whether she is, in fact, receiving an education as opposed to being trained, and whether this proceeding is appropriate under those circumstances. From the testimony elicited at the hearing and the exhibits presented, it is clear that Suzanne is a highly motivated child who wants to walk, talk, and go to school. She has a great desire to speak and it would appear that her ability to speak and to learn has improved somewhat. In this respect, the court would quote the testimony of Mrs. Badger who visited the Duvall Home and observed as follows: "To me the education that’s being done in conjunction with the Board of Education in Florida is an ideal situation, as opposed to the education that’s provided to a student in an approved Westchester County School where the student is housed in a room for five hours a day with a teacher and then returned to a ward for the rest of the afternoon to watch T.V.”
I am satisfied that Suzanne is indeed receiving an education as such and that this proceeding is properly brought.
It is the finding of this court that Suzanne E. is a handicapped child with special educational needs which cannot be fulfilled in the community, that these needs are being met as a result of her placement in the Duvall Home and that said placement is appropriate under all the circumstances. An order will issue pursuant to section 232 of the Family Court Act providing for the educational needs of this child, the cost of same to be a charge against the County of Westchester in the first instance.
This court would now pass to a determination of whether after hearing held it is empowered to direct that the State reimburse the county one half of its cost pursuant to section 4403 of the Education Law despite prior refusal by the Commissioner of Education to the issuance of an order by the Family Court. Family Courts have wrestled repeatedly with the question of whether they can rule on the applicability of section 4403 of the Education Law in light of the fact that the jurisdiction of the Family Court is limited to the authority *1007 conferred upon it by the Family Court Act (Matter of Daber, 71 Misc 2d 303; Matter of Apple, 73 Misc 2d 553; Matter of Anthony W, 74 Misc 2d 380; Matter of Richard C, 75 Misc 2d 517; Matter of Robert B, 80 Misc 2d 647). While section 232 of the Family Court Act empowers the Family Court to issue a suitable order for the education of a handicapped child, it is section 4403 of the Education Law which provides, if the Commissioner of Education approves such order, for State reimbursement to the municipal authority which is chargeable with the expense of same in the first instance. It is this disjointed legislative approach which caused the Appellate Division, Second Department, to observe that "the statutory scheme for the ordering of special educational services for a handicapped child through the Family Court and the allocation of the costs of those services is, at best, cumbersome, and at worst, unclear and unnecessarily complex. The two statutes directly involved in this proceeding make no explicit reference to one another.” (Matter of Leitner, 40 AD2d 38, 42.)
While the statutes do not refer to one another, the issues of whether an order should issue in the first instance and who ultimately is to pay the expense of same are directly related and should be susceptible of determination in a single proceeding. Indeed the first Matter of Leitner decision (38 AD2d 554) ordered a rehearing of a handicap proceeding with notice to the Commissioner of Education and with a direction to the Family Court to give, attention to section 4403. If the Commissioner of Education is not to be bound by the court’s determination following hearing held, what purpose is served by giving him notice? Moreover, if the Family Court is not to address itself to section 4403, why the direction in Leitner that it consider same?
Certainly the Commissioner of Education, at the onset of handicapped proceedings instituted in the Family Court, may refuse his consent to the court’s entry of an order pursuant to section 232 of the Family Court Act. But where the commissioner does register his refusal and a hearing is held on due notice to him and he is given an opportunity to appear and after hearing the court orders the education of a handicapped child, then all logic would indicate that he should be bound by the court’s decision. In the instant case the commissioner’s refusal to consent to the entry of an order was duly noted at a preliminary proceeding and the matter scheduled for hearing with notice to the commissioner in keeping with the mandate *1008 of Leitner. Indeed, the court had a letter directed to the Commissioner of Education specifically requesting personal appearance so that all issues might be thoroughly aired and a determination had thereon. There was no personal appearance at the hearing. The court has been advised that the commissioner will consider this matter further upon reviewing the hearing transcript together with the court’s decision.
By its decision herein this court finds in essence that the refusal by the Commissioner of Education was without basis in fact. A certificate should now issue from the commissioner providing for reimbursement to the County of Westchester pursuant to section 4403. To my view, it was not the intent of the Legislature that the county would bear the entire burden of educating a handicapped child. Yet this would result should the Commissioner of Education persist in refusing to approve this court’s order entered following full hearing. To my view, section 4403 should be read together with section 232 of the Family Court Act and interpreted so as to carry out the avowed purpose of the Legislature in making proper provision for the education of a handicapped child and providing for the funding required therefor. Considered in this context, I find that this court is empowered to direct that the State, pursuant to section 4403, reimburse the county as aforestated.
This court is aware that other cases have held that the matter of reimbursement under section 4403 should be relegated to a CPLR article 78 proceeding (Matter of Daber, 71 Misc 2d 303, supra; Matter of Robert B, 80 Misc 2d 647, supra). I cannot bring to these statutes — section 232 of the Family Court Act and section 4403 of the Education Law — an interpretation so narrow as would require yet another hearing to be held in another forum on issues already heard and determined.
The petition is sustained. The cost of providing for the educational needs of this child, $4,130 for maintenance, less $600 parental contribution to be paid directly to the Duvall Home, together with $1,770 for tuition, to be made a charge upon the County of Westchester. The County of Westchester shall pay said cost in the first instance and the Commissioner of Education will issue a certificate for State aid providing for one-half reimbursement to the county pursuant to section 4403 of the Education Law.