Donald J. Corbett, Jr. J.
The petitioners, in each of the above proceedings, have petitioned the court under Section 232 of the Family Court Act alleging in each instance that their children are handicapped and that they are not required or able to pay for the education of their children. In each case, the school district alleges a good and sufficient educational program and its school superintendent has refused to execute the "Certificate and Recommendation of School Superintendent” (HC-3).
The petitioners have served a summons with the petition upon the following parties respondents: (1) The County of Monroe; (2) The Commissioner of Education of the State of *673 New York; (3) The Attorney-General of the State of New York; (4) The local school district where the pupil resides, and (5) The Board of Cooperative Educational Services (BOCES). All parties have personally appeared except the commissioner and the Attorney-General.
Petitioners are not deprived of the jurisdiction of Family Court by the failure of the school superintendent to execute the form HC-3 and petitioners do not have to seek alternative relief in the Supreme Court under a CPLR article 78 proceeding. The school superintendent cannot, by his refusal to execute form HC-3, deprive a petitioner of the jurisdiction of Family Court. (Family Ct. Act, § 115, subd [b]; Family Ct. Act § 232, Matter of Daber, 71 Misc 2d 303; Matter of James B., 75 Misc 2d 1012.) The petition is executed by each petitioner and the certificate and recommendation of physician and/or psychologist have been completed and are attached to the petition.
BOCES, by its attorney, has moved for an order to drop it as a party respondent pursuant to CPLR 1003 on the grounds of misjoinder of parties respondents by reason that BOCES is not a necessary or proper respondent and that no justiciable controversy exists among the petitioners and BOCES.
CPLR 1002 (subd [b]) provides: "Persons against whom there is asserted any right to relief * * * may be joined in one action as defendants if any common question of law or fact would arise.” And CPLR 1003 grants to any party, or the court on its own initiative, at any stage in the action, to add or drop parties upon just terms. BOCES, to remain a proper party respondent must be a party against whom there exists a right to relief on behalf of the petitioners.
The question of proper or necessary party respondent in a section 232 proceeding was addressed in the first Leitner decision, (Matter of Leitner, 38 AD2d 554) wherein the court remanded the proceeding to the Family Court for a new hearing "upon notice to the Attorney-General, the Commissioner of Education and the appropriate county and municipal authorities.” (Emphasis supplied.) And the decision continued (p 555): "However, the order should not have been made without a hearing upon notice to the Attorney-General, the Commissioner of Education and the appropriate county and municipal authorities.” (Emphasis supplied.)
Notice in Family Court in section 232 proceedings is made by the service of a summons upon a party respondent. An *674 order pursuant to section 232 of the Family Court Act, automatically invokes section 4403 of the Education Law of the State of New York on the question of cost allocation. (Matter of Apple 73 Misc 2d 553.) The issue presented herein rests upon the definition of "appropriate county and municipal authorities”, and if BOCES is included within such requirement, regulation or definition.
Section 232 (subd [a], par [1]) states, "Whenever a child within the jurisdiction of the court and under the provisions of this act appears to the court to be in need of special educational training, including transportation, tuition or maintenance * * * a suitable order may be made for the education of such child * * * and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the proper subdivision thereof wherein the child is domiciled at the time application is made to the court for such order”. Subdivision 1 of section 4403 of the Education Law follows "When the family court, or the board of education of the city of New York, shall issue an order to provide for the education, including home-teaching, transportation, scholarships, tuition or maintenance, of any handicapped child the commissioner of education, if he approves such order, shall issue a certificate”. And subdivision 4 of Section 4404 of the Education Law continues "The board of education of each school district in which there are ten or more handicapped children * * * shall establish such special classes * * * or shall contract with * * * a board of cooperative educational services”. (Emphasis added.)
The statutory mandate of the Education Law has placed the burden of providing for the education of handicapped children upon the board of education of each school district, and has reserved to the Commissioner of Education and to the State Education Department, the power and mandate to insure such educational opportunities. Matter of Leitner, 40 AD2d 38.) Indeed, the Legislature required the jurisdiction of Family Court in the making of suitable orders for handicapped education of pupils and reimbursement for the same upon approval of the Commissioner of Education. (Matter of L. v New York State Dept. of Educ., 39 NY2d 434; Matter of Levy, 38 NY2d 653.)
The authority to contract with another agency or school system to provide handicapped educational facilities where the local school district is unable so to provide, is specific. The *675 duty to so contract is vested in the local school district. Such a contract may be made with many and varied agencies, of which BOCES is but one (8 NYCRR 200.8; Education Law, § 4404, subd 4).
It would take a very strained interpretation to conclude that the Family Court could enter an order directing a BOCES district to perform certain educational functions. Such authority is vested in the Supreme Court as the court of original jurisdiction in New York State.
Since the local school district is a party respondent and is charged with the primary duty of educating children within its district boundaries, the Family Court may make a suitable order to such local school districts for suitable educational programs. But in reality, upon the refusal of a local school district to provide a suitable and proper program, petitioners will themselves locate a proper educational program and will petition the Family Court for an order that such tuition and transportation expenses be paid by the county or proper subdivision.
Therefore, the motion of BOCES is granted upon the finding herein that BOCES is not a necessary and proper party in a proceeding under section 232 of the Family Court Act.