OPINION OF THE COURT
Alfred J. Weiner, J.
By petition filed June 28, 1976, petitioner, on behalf of the infant Richard E. S., seeks an order providing for the education of the child as a handicapped child during the academic year 1975-1976.
During that school year, Richard attended the Perkiomen School, a private, preparatory boarding school for normal children, having been enrolled there by his parents. The Perkiomen School is not on the register of approved schools maintained by the New York State Education Department. As a result, the County of Rockland took the position that it did *1001 not have the responsibility of paying for the education of the child while attending the Perkiomen School.
Two issues are before the court in this proceeding. First, is Richard a handicapped child, entitled to special education? Second, if Richard is handicapped, was the Perkiomen School an appropriate residential facility?
It is uncontested that at the time in question, Richard suffered from severe emotional problems and could not reside at home with his parents. Richard had been diagnosed as an undifferentiated schizophrenic, and had suicidal tendencies.
It is also uncontested that Richard was not in need of any special academic curriculum or classes. Richard has a high I.Q., and functioned well in school, being an average or above average student in spite of his emotional problems.
Petitioner called two psychiatric witnesses who testified that Richard needed to be placed in a facility away from his home. Both psychiatrists emphasized their belief, that Richard could not be placed in a school with other emotionally disturbed children as Richard had a tendency to act out his emotional problems when with other emotionally disturbed children. In addition to attending a school for normal children, the psychiatrists stated that Richard needed to receive individual therapy, and that the therapy should take place outside of the residential school setting. It is significant to this court, that the testimony of both petitioner’s expert witnesses was based on first-hand knowledge of Richard’s emotional problems, both doctors having treated Richard at a prior time.
Respondent presented the school district’s social worker for handicapped children, who testified that at a meeting with petitioner in May of 1975, she recommended that Richard attend either the Grove School or the Devereaux Foundation. The social worker’s recommendations were based upon reports which had been made available to her. Petitioner objected to both schools based on their psychiatric orientation and because they are not schools for normal children.
The school’s psychiatrist testified that because Richard suffered from emotional problems, rather than being placed in a school for normal children, he should have been placed in a residential setting where treatment was incorporated into an academic program. He related that both the Grove School and the Devereaux Foundation would have been suitable for Richard, but also added that had the Perkiomen School been an approved facility, if he had additional information, he would *1002 have approved Richard’s attendance at that school as well. This evaluation of the Grove School and the Devereaux Foundation as suitable facilities for Richard was also based solely on records made available to the school psychiatrist.
What was formerly section 232 (subd [a], par [1]) of the Family Court Act provided, inter alia, that "Whenever a child within the jurisdiction of the court and under the provisions of this act appears to the court to be in need of special educational training * * * a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county”.
Further, it is clear to this court that State certification of an educational facility is not mandatory before a Family Court can enter an order providing for the education of a child at that facility. (Matter of James B., 75 Misc 2d 1012; Matter of Daber, 71 Misc 2d 303.)
When faced with the recommendations of the child’s psychiatrists and the conflicting recommendation of school authorities who had never seen Richard, petitioner testified that she chose to follow the advice of Richard’s psychiatrists.
This court finds that Richard E. S. was a handicapped child in need of special education. That the school district had no program of its own which could adequately meet the needs of Richard. That petitioner acted in good faith in placing Richard in the Perkiomen School and that such placement was in accord with the advice of Richard’s psychiatrists. Under the circumstances of this case, the court further finds that it was in Richard’s best interests to attend a residential school for normal children. The Perkiomen School was an appropriate residential facility.
Accordingly, the County of Rockland is directed to pay the sum of $4,955 for the cost of Richard’s educational services during the school year 1975-1976.