In the Matter of JEREMY G. et al., Respondents; COUNTY OF ORANGE, Appellant.

Second Department, December 31, 1984

### APPEARANCES OF COUNSEL

*James G. Sweeney, County Attorney,* for appellant.

*Rebell & Krieger (Michael A. Rebell* and *Marion C. Katzive* of counsel), for respondents.

### OPINION OF THE COURT

LAWRENCE, J.

The sole question raised on this appeal is whether the Family Court may order a county to pay the school tuition for preschool-age, handicapped children without the specified facility having received prior approval of the State Commissioner of Education. We conclude that it may.

Prior to July 1, 1976, the Family Court had jurisdiction over the issuance of orders for the education of all handicapped children under the age of 21 years (see Family Ct Act, former § 232, added by L 1962, ch 686, repealed by L 1976, ch 853, § 4). There was a disagreement within the court system as to whether the Family Court could compel the New York State Commissioner of Education (hereinafter the commissioner) to reimburse local municipalities for a portion of such expenses, or whether such reimbursement was discretionary and reviewable only in the Supreme Court in a CPLR article 78 proceeding (*Matter of*

*Anthony W.,* 74 Misc 2d 380; *Matter of Dara L.,* 73 Misc 2d 723). In either event, the commissioner was not required to give prior approval of the facility named in the Family Court order, nor was the Family Court limited in its power to designate a facility which had not received the commissioner's approval (see *Matter of Daber,* 71 Misc 2d 303; *Matter of James B,* 75 Misc 2d 1012).

Effective July 1, 1976, pursuant to the provisions of chapter 853 of the Laws of 1976, the New York State Legislature repealed, *inter alia,* article 89 of the Education Law, and sections 231, 232, 233, 234 and subdivision (c) of section 235 of the Family Court Act, and enacted a new article 89 of the Education Law and new sections 231, 232, 233, 234 and 236 of the Family Court Act. This legislation was prompted, in part, by the inundation of the Family Court with petitions for orders for educational services, and its inability to handle the requests expeditiously with the necessary expertise (see *Matter of Pavone,* 88 Misc 2d 675).

In enacting chapter 853 of the Laws of 1976, the Legislature transferred the responsibility for designating the institutions for the education of school-age, handicapped children during the 10-month school year to the commissioner and the local school districts (see Education Law, §§ 4401-4405) and divested the Family Court of such jurisdiction (Family Ct Act, § 236, subd 1). In accordance with the newly enacted section 236 of the Family Court Act, educational services for preschool-age, handicapped children, and for all handicapped children during the months of July and August, remained within the jurisdiction of the Family Court (*Schneps v Nyquist,* 58 AD2d 151). The relevant part of section 236 provides: "2. Whenever such a child within the jurisdiction of the court pursuant to this section appears to the court to be in need of special educational services, including transportation, tuition or maintenance, a suitable order may be made for the education of such child in its home, a hospital, or other suitable institution, and the expenses thereof, when approved by the court and duly audited, shall be a charge upon the county or the city of New York thereof wherein the child is domiciled at the time application is made to the court for such order".

This section does not in any way limit the Family Court to placing children, within its jurisdiction, in facilities which have received prior approval of the commissioner, nor does the Education Law provide for such prior approval with respect to preschool-age, handicapped children. In fact, the Education Law expressly contemplates the possibility that the commissioner

might refuse to approve a Family Court order of educational services, and provides for a review of such refusal pursuant to CPLR article 78 (Education Law, § 4406, subd 1). This provision was undoubtedly included so as to resolve the dispute within the court system as to the Family Court's powers with respect to such a refusal by the commissioner.

The county argues that despite the absence of any express requirement in chapter 853 of the Laws of 1976 that the facility named by the Family Court have prior approval of the commissioner, such a requirement can be gleaned from a reading of section 236 of the Family Court Act in conjunction with the revamped article 89 of the Education Law. This argument is without merit.

As stated above, the Legislature clearly contemplated the possibility that a school designated by the Family Court might not be approved by the commissioner, and set forth the procedure for review of the commissioner's action under such circumstances (Education Law, § 4406). If prior approval were required, there would be no need to set forth a procedure for such review. Further, it appears that legislation was proposed which would have limited the Family Court's discretion in placing preschool-age, handicapped children and school-age, handicapped children during the months of July and August, within its jurisdiction in educational facilities, but that legislation was not enacted (see Assembly Bills 3289-A and 9227-A, 1981-1982 Regular Sessions). The Legislature's failure to act on such proposed legislation together with its providing for review of the commissioner's refusal to approve a facility designated by a Family Court order, leads to the inescapable conclusion that the Legislature did not intend to impose the prior approval requirements set forth with respect to school-age, handicapped children on the Family Court's dealings with preschool-age, handicapped children and school-age children requiring education during the months of July and August. Moreover, we conclude that had the Legislature intended to effect a major change in the Family Court's jurisdiction with respect to said children, it undoubtedly would have done so expressly. Under these circumstances, we see no reason to limit the discretion of the Family Court with respect to these matters. We must, therefore, adhere to the plain meaning of statutory language.

Accordingly, the order under review should be affirmed insofar as appealed from.

NIEHOFF, J. P., BOYERS and EIBER, JJ., concur.

Order of the Family Court, Orange County, entered September 12, 1983, affirmed insofar as appealed from, without costs or disbursements.