GEORGENA H. JAHN, Respondent, v. MORRIS BERZON, Appellant, and Others, Defendants; 726 BRADLEY CORPORATION, GENEVIEVE LAUGHLIN, MICHAEL and MARGARET MORRIS and EMANUEL GLASS, MT. FISKE PLACE CORPORATION and the PRUDENTIAL INSURANCE COMPANY OF AMERICA, CITY OF NEW ROCHELLE and NEW ROCHELLE FEDERAL SAVINGS & LOAN ASSOCIATION, Respondents.— In 1933 the appealing defendant had failed to pay a tax assessed upon a tract of vacant land and the lien was sold to the plaintiff by the procedure then in force. Subsequently the plaintiff commenced this action for the foreclosure of the lien and the owner was joined with others as a party, but did not appear or make any defense. The

premises were divided and residences erected thereon and mortgaged. Later, some parts of the improved premises were sold to others, apparently for homes. The city of New Rochelle, in selling and transferring the tax lien, assumed to act on Local Law No. 5 [of the New Rochelle Local Laws of 1932], which had been adopted pursuant to the provisions of the City Home Rule Law. No one at that time questioned its validity. Later, in another action, the local law was declared unconstitutional. (*County Securities, Inc.*, v. *Seacord*, 278 N. Y. 34.) Then, after nearly four years of quiescence, the appealing defendant owner moved to vacate and set aside the judgment and all proceedings in the action on the ground that the court had no jurisdiction of the subject-matter and the judgment was invalid. The motion was not one to open the default and vacate the judgment so that the appealing defendant might plead. The motion was denied at Special Term. At the time the judgment was rendered the court had jurisdiction of the subject-matter concerning the general question involved, and it was not dependent upon the state of facts which may appear in a particular case or which are claimed to have arisen under that general question. (*Hunt* v. *Hunt*, 72 N. Y. 217, 229.) The local law was at that time apparently and presumptively valid; but the plaintiff had opportunity to appear and contest its validity, which he failed to do. That defense, it now appears, might, if interposed, have been successful, but as it was not interposed, the judgment, however erroneous it may be, is binding until on appeal it is reversed. (*Hunt* v. *Hunt, supra; Roarty* v. *McDermott*, 146 N. Y. 296; *Field* v. *Chronik*, 190 App. Div. 501, and *Brooklyn Trust Co.* v. *Libonati*, 254 id. 199.) Statutes and ordinances are not unconstitutional in the abstract, so to speak, but are presumptively constitutional. Their unconstitutionality can be determined only in an action where the question is raised by a party aggrieved. (*People ex rel. Lewis* v. *Graves*, 219 App. Div. 233; affd., 245 N. Y. 195; *People* v. *Wolf*, 220 App. Div. 71, 79 [2d Dept.]; *Matter of Bond & Mortgage Guarantee Co.*, 249 id. 25, 27 [2d Dept.]; affd., 274 N. Y. 598; *Hendrick* v. *Maryland*, 235 U. S. 610.) The question must be raised by a pleading or on the trial, or the right to raise the question is lost, for it cannot be raised for the first time on appeal. (*People* v. *Feldman Lumber Co., Inc.*, 243 App. Div. 817 [2d Dept.], and cases cited therein.) A party may waive his statutory or constitutional rights by stipulation or by his acts and conduct. (*Matter of N. Y., L. & W. R. R. Co.*, 98 N. Y. 447, 452–453; *Shepherd* v. *Mount Vernon Trust Co.*, 269 id. 234, 246.) By failing to appear and raise the constitutional question by pleading or on the trial, and waiting until the rights of others intervened, this defendant waived his rights and became bound by the judgment. Order affirmed, with ten dollars costs and disbursements. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.