Jurisdiction of the subject matter was possessed by the County Court and vested in it when the delinquent list was filed. (Tax Law, § 165-a.) The failure of the plaintiff to invoke the alleged defect, although it answered in the foreclosure action, bars it thereafter from seeking to revive the alleged defect. (Jahn v. Berzon, 255 App. Div. 1023; Dineen v. Trust Co. of Northern Westchester, 272 App. Div. 938.) In the foreclosure action, summary judgment was granted on the pleadings, including the answer of the present plaintiff and the undisputed averments in the moving and supporting affidavits and annexed exhibits. (City of New Rochelle v. Echo Bay Waterfront Corp., 268 App. Div. 182, affd. 294 N. Y. 678, certiorari denied 326 U. S. 720.) The waterfront property was included in and covered by the pleadings and proof in the proceedings in rem. The principle of res judicata presents an insuperable barrier to the maintenance of this action. Defenses may not be advanced piecemeal any more than causes of action may be split. Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See post, p. 718.]