■ In the Matter of MELVIN W. (ANONYMOUS), Appellant.— Appeal from an order of the Family Court, Kings County, entered November 23, 1973, which, based on three fact-finding determinations of juvenile delinquency, placed appellant with the Division for Youth, Title III (State Training School). Order reversed, on the law, and case remanded to the Family Court for a further dispositional hearing and further proceedings not inconsistent with the views herein set forth. Section 743 of the Family Court Act defines a "dispositional hearing" as one "to determine whether the respondent requires supervision, treatment or confinement". At the hearing held on November 23, 1973 the probation officer stated that a Bureau of Mental Health Services examination of appellant had been ordered and scheduled for December. The Family Court noted that exploration of placement had been ordered. Neither of these matters was considered by that court in making its determination to place appellant in the State Training School, the Mental Health Services examination item because it had not yet been completed and the exploration of placement item for reasons not set forth. These two were material and relevant to proper placement (cf. Family Ct. Act, § 745). Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

■ SYLVIA J. MICELOTTA, Respondent, v. NEIL F. MICELOTTA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, dated February 4, 1974, which granted plaintiff a divorce. Judgment affirmed, without costs. Although we are affirming the judgment, we reject the finding of fact designated as subdivision (f) of paragraph "Fifth" of the findings. That finding of fact was a specification of cruelty, which was added on the motion of the trial court, based on defendant's assertion of a counterclaim for adultery. Martuscello, Acting P. J., Latham, Shapiro, Cohalan and Brennan, JJ., concur.