■ GEORGE COSTAS, Respondent, v ARTHUR OLSON et al., Appellants.—Order, Supreme Court, New York County, entered on October 16, 1975, unanimously affirmed for the reasons stated by Fein, J., at Special Term, without prejudice to defendants pleading "qualified privilege" in their answer, without costs and without disbursements. Concur—Stevens, P. J., Kupferman, Lupiano, Capozzoli and Lane, JJ.

■ In the Matter of SAMUEL P., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, Bronx County, entered January 15, 1976 adjudicating appellant a juvenile delinquent and placing him in a State training school (Title III) for 18 months, unanimously affirmed, without costs and without disbursements. We find that the order placing appellant in a training school without information regarding his emotional, psychological and educational needs was not violative of due process nor was it a violation of the Family Court Act or an abuse of discretion. During the progress of this case to the point of disposition, no psychiatric examination of appellant was recommended by the probation office as in *Matter of Melvin W.* (45 AD2d 842), nor did appellant present evidence that a mental examination would be helpful and appropriate as in *Matter of Kevin M.* (48 AD2d 800). Mental tests are not required in every juvenile delinquency case and there is no indication that one was required here. To require that such tests be conducted when there is no need would strip the court of its discretion. The court had information before it concerning appellant and properly exercised its discretion in not ordering an examination. The purpose of a disposition hearing is to determine whether supervision, treatment or confinement is required by the juvenile. In the proceedings below an investigation within the 20-day detention period disclosed no facility available other than a Title III facility. Appellant had committed acts with a dangerous weapon. Appellant's mother characterized appellant as bad at home and school. The Judge concluded that the community would be endangered by appellant being on the street and the appellant himself said he wanted to keep out of trouble. The office of probation recommended confinement. The disposition herein should be affirmed. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Capozzoli, JJ.

(April 20, 1976)

■ JAMES McWILLIAMS, a Minor, by His Mother and Legal Guardian, EMMA McWILLIAMS, et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, New York County, entered on January 14, 1976, unanimously affirmed for the reasons stated by Samuel R. Rosenberg, J., at Special Term, without costs and without disbursements. Concur—Murphy, J. P., Birns, Capozzoli, Lane and Nunez, JJ.