Howard Miller, J.
The matter before the court was brought on by motion made by the County of Rockland to dismiss two petitions filed under section 232 of the Family Court Act to determine educational services for alleged handicapped children. The motion by the county further sought to consolidate these proceedings with 24 other similar petitions filed under section 232 of the Family Court Act and lastly to *850 join as parties the eight school districts in Rockland County as well as the State Education Department.
The parents of these children, through the various school districts during the 1975-1976 school year, filed petitions with this court asking for an order directing the County of Rock-land to pay the balance of the tuition cost, if any, and to pay whatever portion of the maintenance cost for the child in his or her special school the parents are unable to afford. The portion paid by the county, pursuant to section 4403 of the Education Law, is subject to 50% reimbursement by the State.
MATTER OF CHERYL SABERG
Cheryl Saberg is a handicapped child who resides in the East Ramapo School District. It appears that the East Ramapo School District is unable to provide a program suitable to meet this child’s educational needs either in the district or through the local BOCES. Cheryl is, and has been for several years, a resident pupil at the Yale Psychiatric Clinic in New Haven, Connecticut.
In accordance with practice heretofore followed, pursuant to section 4407 of the Education Law, the Education Department has agreed to pay $2,500 toward the cost of Cheryl’s tuition for the period of July, 1975 to June, 1976. The remaining portion of tuition for this child is $2,326. The maintenance costs for this child for the period July, 1975 to June, 1976 are $39,802.50. If the court issues an order granting the petition in this proceeding, in accordance with prior practice, these costs will be made a charge upon the County of Rockland subject to reimbursement by the State of one half of the amount pursuant to section 4403 of the Education Law.
MATTER OF LARRY SMITHLINE
Larry Smithline is a handicapped child who resides in the East Ramapo School District. It appears that the East Ramapo School District is unable to provide a program suitable to meet this child’s educational needs.
On or about September 1, 1975 the school district, pursuant to section 4404 (subd 2, par b) of the Education Law entered into a contract with the Summit School, a private facility located in Nyack, New York, whereunder the Summit School agreed to furnish special education to Larry for the period September 1, 1975 to August 31, 1976. The total tuition cost for Larry for this 12-month period is $4,950. Under its contract with the Summit School pursuant to section 4404 (subd *851 2, par b) of the Education Law, the district has agreed to pay $3,519.30 of the tuition costs. The maintenance costs of the child for the 12-month period are $12,500. If the court issues an order granting the petition in this proceeding, in accordance with prior practice, the balance of the tuition costs for this child ($1,430.70) and the maintenance costs will be made a charge upon the County of Rockland subject to reimbursement by the State of one half this amount pursuant to section 4403 of the Education Law.
The county, by its motion, objected with respect to all 26 cases to any order being made against the County of Rockland which would compel the county to bear, in whole or in part, the tuition or maintenance expenses of the education of said alleged handicapped children on the grounds that the said costs are properly and legally the burden of the respective school districts, in which the child resides and of the New York State Education Department. This motion is opposed by the school districts, the Commissioner of Education of the State of New York and by some of the parents of the handicapped children.
The court will not consider the application regarding the matter of Elisa Herman since that petition was previously dismissed. The court finds, upon review of the court’s records that final orders have been entered in 23 of the cases which the county has moved to consolidate with the proceedings in the cases at bar. The motion to consolidate and dismiss with respect to these petitions is denied.
For the reasons stated below the court (1) grants the motion of the County of Rockland to consolidate the cases of Cheryl Saberg and Robert L. Snyder being the two surviving cases of the 26 cases intended to be consolidated for there are common matters which should be heard as one to prevent multiplicity of actions. The court will no longer consider the matter of Larry Smithline, designated in the caption for the reason that a final order granting that petition has heretofore been made by this court. In its place the court will consider the case of Robert L. Snyder. (2) Grants the motion of the County of Rockland to join as parties the eight school districts in Rock-land County and the Commissioner of the State Education Department. The school districts are not strangers to the proceedings herein in that the personnel of the several school districts have prepared or guided the preparation of the petitions filed on behalf of the parents of the handicapped *852 children and forwarded them to the court. Accordingly, the school districts cannot claim surprise. The same principle applies to the Commissioner of Education for these particular files were reviewed by the office of the State Education Commissioner prior to the filing of the petition with the court and his "approval” or "preapproval”, or denial thereof, is attached as an exhibit to the petition in each instance.
As to timeliness of the motion and the defense of laches raised by papers in opposition: The petitions herein were served on the County of Rockland February 26, 1976 (Snyder) and January 8, 1976 (Saberg). No formal answer or motion was made with respect to said petition other than an oral denial and/or a statement by the County Attorney that she proposed to file a motion with respect to the dismissal of the petitions concerned in these proceedings. A formal motion was filed March 30, 1976. The court finds that the delay of the county to file an answer or promptly move with respect to the petitions is not material to the issues. The parties were sufficiently informed of the intentions of the county so that feasible plans may have been made by the public agencies in the event that they might ultimately be held liable for the costs which the county now seeks to avoid. .
The claim advanced by the county that a classification of the child as handicapped creates a constitutionally invalid structure has been recently discussed in Matter of Levy (38 NY2d 653) where at page 658 the court held: "basis does exist for the distinction made in relieving the parents of blind and deaf children from any financial responsibility in connection with their children’s education while at the same time requiring parents whose children are otherwise handicapped to contribute to the maintenance component of educational expenses.” (Jesmer v Dundon, 29 NY2d 5, mot for lv to app den 404 US 953.)
Section 1 of article XI of the Constitution of the State of New York provides: "The legislature shall provide for the maintenance and support of free common schools, wherein all of the children of this state may be educated.” The Legislature has followed this mandate and enacted the Education Law and the pertinent provisions of the Family Court Act to comply with the constitutional direction. The principle long standing is that every statute is presumed to be constitutional (Farrington v Purchney 1 NY2d 74, 78) and can only be shown to be unconstitutional where, beyond a reasonable *853 doubt, there is a violation of fundamental law (Matter of Fay, 291 NY 198, 207) and in National Psychological Assn. v University of State of N.Y. (18 Misc 2d 722) at page 726 the court stated: "courts of the first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases where life and liberty is involved and invalidity of the act is apparent on its face.”
The court finds that the county has failed in its burden to establish the unconstitutionality of subdivision 2 of section 4403 of the Education Law and section 232 (subd [a], par [1]) of the Family Court Act based upon the classification of being designated a handicapped child.
The court concurs with the county that the Education Law (§ 1604, subd 20; § 1709, subd 24; § 2503, subd 11; § 4404, subd 2, par a; § 4406, subd 1) directs the school districts to supply special education for handicapped children. By implication, section 4404 (subd 2, par b) of the Education Law provides the same direction wherein the school districts are "authorized and empowered” to make contracts for the education of a handicapped child. However, sections 4403 and 4407 of the Education Law provide for the means of payment for such special educational services. Under section 232 of the Family Court Act the Legislature vested in the Family Court the power to provide a suitable order (Matter of Leitner, 40 AD2d 38) for such education with the costs in the first instance upon the county. Section 4403 of the Education Law provides the procedure by which partial reimbursement can be had by the county.
Implementing the directions to educate are subdivision 4 of section 4404 of the Education Law (which provides for the contract by the school district with another school district or BOCES for the education of handicapped children) and subdivision 1 of section 4407 of the Education Law (wherein the Department of Education is authorized to contract with an educational facility within or without the State), and the foregoing must be read in conjunction with section 4403 of the Education Law, wherein it is provided: "1. When the family court * * * shall issue an order to provide for the education, including home-teaching, transportation, scholarships, tuition or maintenance, of any handicapped child.”
And in subdivision 2 of said section the statute continues "One-half of the cost of providing home-teaching, transportation, scholarships in non-residence schools, tuition and mainte *854 nance, as provided in subdivision one of this section, as certified by the commissioner of education, is hereby made a charge against the county or city in which any such handicapped child resides, and the remaining one-half of the cost thereof shall be paid by the state out of monies appropriated therefor” and section 4407 further provides that the: "department is further authorized to expend for such purpose a sum of not to exceed two thousand five hundred dollars per annum for each such pupil.”
This, then, is the statutory scheme provided by the Legislature for the education of handicapped children, the requirement of the education of handicapped children and the vehicle by which said education or auxiliary services are paid.
Irrespective of the various formulae for school aid provided in chapter 241, of the Laws of 1974, that act did not alter the method of reimbursement authorized in either section 4403 of the Education Law or section 232 of the Family Court Act. The intention of the Legislature is obvious for it could then, or since, easily have amended section 4403 of the Education Law or section 232 of the Family Court Act to provide for other means of compensation. This has not been done.
In the recent case of Matter of L. v New York State Dept. of Educ. (39 NY2d 434) the Court of Appeals reaffirmed the order or procedure in the payment of the costs, with the county and State each paying one half of the costs of the handicapped child, is provided in section 4403 of the Education Law and section 232 of the Family Court Act. The Court of Appeals clearly sustained the present procedure of payment, and by implication, the validity of the section of the Education Law which provides for partial reimbursement to the locality when at page 441 of the decision, the court states: "Since it is the claim of the parents for reimbursement that triggers the payment for which the locality, in turn, will be reimbursed by the State.”
The Court of Appeals, in effect, recognizes the statutory scheme of participation as spelled out in section 4403, and section 4407 of the Education Law.
The county contends that there are no spending limits provided in section 4404 (subd 2, par b) of the Education Law or section 232 of the Family Court Act. Where the county disagrees with the adoption of any regulation (i.e., 8 NYCRR 200.8) promulgated by the State Education Commissioner the review of such regulation is not by way of a motion to dismiss *855 in the Family Court, but through an article 78 proceeding in a court of appropriate jurisdiction (CPLR 217, 506). The Family Court is a court of limited jurisdiction (Borkowsky v Borkowsky, 38 AD2d 752; Donne v Pace, 74 Misc 2d 127; Matter of Serotte v State Ed. Dept., 63 Misc 2d 999; Gimprich v Board of Educ., 306 NY 401; Board of Educ. v Allen, 25 AD2d 659; McWilliams v Board of Educ., 52 AD2d 552). Therefore, this court in this proceeding, will not rule as to whether section 200.8 of the regulations of the State Education Commission (8 NYCRR 200.8) is ultra vires.
The practice of the delegation of certain expenses of educating a child including maintenance to the county is not unique. The Legislature, as directed by subdivision 1 of article XVII of the New York State Constitution, has similarly seen fit to delegate certain welfare expenses to the counties as partially enumerated in section 153 of the Social Services Law et seq.
By reason of the existence of an appropriate constitutional statutory plan for the supplying of special education for handicapped children as provided by the Legislature of the State of New York together with a procedure for the payment of the costs thereof, the motion made by the County of Rockland is denied.