OPINION OF THE COURT
Bernard E. Stanger, J.
On November 20, 1992 this court rendered a decision and order on objections filed on the order of support of Hearing Examiner Catherine Miklitsch dated August 21, 1992, which order of support found that the recent amendment to the Child Support Standards Act, section 143 of chapter 41 of the Laws of 1992, was unconstitutional. The Hearing Examiner found that section 143, which required the payment of child support from the earlier of the date of the filing of the petition, or, if the child for whom support is sought, is on public assistance, the date from which the eligibility for public assistance was effective, was unconstitutional as being violative of both the Equal Protection and Due Process Clauses of the Federal and New York State Constitutions. Hence, she found that no support is to be awarded prior to the filing of the petition.
When this court initially reviewed petitioner’s objections, which raise several grounds upon which this court should reverse the Hearing Examiner’s order and uphold the constitutionality of the amendments to the Child Support Standards Act, it found that the matter should be referred back to the Hearing Examiner on the ground that no notice of the Hearing Examiner’s ruling on the constitutionality of the State’s statute was given to the Attorney-General. (CPLR 1012 [b].)
After the decision was rendered in the matter, the Attorney-General of the State of New York advised the court that it did not intend to intervene at this stage of the proceedings.
This matter now comes back before this court for determination of the same objections raised by the petitioner. The objections ask this court to reverse the Hearing Examiner’s order and uphold the constitutionality of section 143 of chapter 41 of the Laws of 1992 (adding Family Ct Act § 449 [2]), which amendment requires the payment of child support from the earlier of the date of the filing of the petition or, if the child for whom support is sought is on public assistance, the *529 date from which his/her eligibility for public assistance was effective.
Before this court can even address the merits of petitioner’s objections concerning the constitutionality of section 143 of chapter 41 of the Laws of 1992, it first must determine whether the Family Court Hearing Examiner has the power to declare a statute unconstitutional.
Family Court Act § 439 (a) grants the statutory powers of a Hearing Examiner in Family Court. A Hearing Examiner is empowered "to hear, determine and grant any relief within the powers of the court in any proceedings under this article, article five and five-A of this act, article three-A of the domestic relations law, and objections raised pursuant to section fifty-two hundred forty-one of the civil practice law and rules * * * A hearing examiner shall have the authority to make a determination that any person before the said examiner is in violation of an order of the court as authorized by section one hundred fifty-six of this act subject to confirmation by a judge of the court who shall impose any punishment for such violation as provided by law.” (Family Ct Act § 439 [a].) Similarly, a Family Court Judge has "exclusive original jurisdiction over proceedings for support or maintenance under this article and in proceedings under article three-A of the domestic relations law, known as the uniform support of dependents law.” (Family Ct Act § 411.)
Therefore, not only is the Family Court a court of first instance, but it is also a court of limited jurisdiction. McKinney’s Consolidated Laws of NY, Book 1, Statutes § 150 (at 312) states that, "A statute should not ordinarily be set aside as unconstitutional by a court of original jurisdiction unless such a conclusion is inescapable. Courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, and where the invalidity of the act is apparent on its face.” However, section 150 further states that "where the consequences may be severe and the damage irreparable, the lower court should not hesitate to determine the constitutionality of a statute.” (Id., at 313.)
The first question therefore to be addressed by this court is whether or not the Hearing Examiner of the Family Court has the power to determine the constitutionality of section 143 of chapter 41 of the Laws of 1992. After reviewing the decisional law of New York State, and the arguments contained in *530 the objections of the County Attorney presented to this court, this court finds that the Hearing Examiner did have the power to determine the constitutionality of section 143 of chapter 41 of the Laws of 1992. In a strikingly similar case to that before this court, the Family Court, Queens County (Judge De Phillips presiding), reversed the Hearing Examiner’s decision finding section 449 of the Family Court Act to be unconstitutional in Matter of Roseann R. v William R. (119 Misc 2d 874 [Fam Ct, Queens County 1983]). While the Family Court in Roseann R. reversed the Hearing Examiner’s finding that section 449 of the Family Court Act is unconstitutional, it did not find that the Hearing Examiner lacked the power to determine the constitutionality of section 449. Similarly, by reversing the Hearing Examiner, and finding that section 449 of the Family Court Act was constitutional, Judge De Phillips implied that he had the power to determine the constitutionality of a statute, even though his is a court of limited jurisdiction.
While a number of lower courts have found that the constitutionality of a statute is best left to appellate courts, and not to one of limited jurisdiction, this court does not believe that a Hearing Examiner is precluded from determining that constitutionality of the statute where he or she believes that the invalidity of the act is apparent on its face. (Matter of Baby Girl S., 141 Misc 2d 905 [Sur Ct, NY County 1988], affd 150 AD2d 993, affd 76 NY2d 387 [1990].) Honorable Renee R. Roth, Surrogate, was requested to declare Domestic Relations Law § 111 (1) (e) unconstitutional to the extent that it purported to deprive the putative natural father of his rights as a parent. In her decision, Judge Roth did decide that she had the power to determine the constitutionality of the statute even though her court was a court of limited jurisdiction. Likewise, in Matter of Saberg and Matter of Smithline (87 Misc 2d 848 [Fam Ct, Rockland County 1976]), the Honorable Howard Miller addressed the issue of the constitutionality of a State statute and found that the County of Rockland failed to establish its burden in asking this court to declare Education Law § 4403 (2) and Family Court Act § 232 (A) (1) to be unconstitutional.
The County Attorney argues that the Family Court does not have the power to determine the constitutionality of the statute because the mechanism to declare a statute unconstitutional, a declaratory judgment action, is reposed only in the Supreme Court of New York State. (CPLR 3001.) The court *531 finds that there is no rational basis for this argument. This court believes that the constitutionality of a statute can be properly raised before the Hearing Examiner or this court, without resort to the vehicle of a declaratory judgment action. Declaratory judgment actions may be an appropriate or even necessary vehicle for testing the constitutionality of a statute in the Supreme Court, but this does not mean it is the sole avenue to test a statute’s constitutionality in this court.
Although the court finds today that a Hearing Examiner has the power to determine the constitutionality of a statute as it relates to issues of support, the court must agree with petitioner that in the instant matter the issue of the constitutionality of section 143 of chapter 41 of the Laws of 1992 has not been properly raised. "Statutes and ordinances are not unconstitutional in the abstract, so to speak, but are presumptively constitutional. Their unconstitutionality can be determined only in an action where the question is raised by a party aggrieved.” (Jahn v Berzon, 255 App Div 1023, 1024 [2d Dept 1938]; see also, Cama v Trustees of Vil. of Farmingdale, 72 AD2d 813 [2d Dept 1979].)
In the case at bar, respondent failed to appear on the date of the hearing to determine the level of support to be paid to petitioner, and the order of support was entered on default. Respondent did not move to vacate his default, nor has he filed any papers in connection with the objections filed by the petitioner in this matter. In other words, the question of the constitutionality of the statute was raised by the court, without the urging of the respondent, his consent or knowledge.
Since it has been established that the Hearing Examiner raised the issue of the constitutionality of section 143 of chapter 41 of the Laws of 1992, sua sponte, where the respondent has waived his rights to test the constitutionality of the statute, the court finds that the Hearing Examiner committed reversible error.
"Under settled standing principles, those who challenge a statute as unconstitutional must demonstrate actual or threatened injury to a protected right * * * and that they have been aggrieved by the unconstitutional feature of the statute.” (Matter of Daniel C., 99 AD2d 35, 42 [2d Dept 1984], affd 63 NY2d 927 [1984].)
The respondent, not having appeared at the hearing before the Hearing Examiner, nor having filed any rebuttal to petitioner’s objections, his right to raise the constitutionality of *532 Family Court Act § 449 is lost. (See, Jahn v Berzon, supra, at 1024.)
The only exception that would apply to the "injury-in-fact” requirement for standing to raise or pursue constitutional issues is the void-statute exception. Under this exception, the statute may be attacked by someone otherwise affected by it but not aggrieved by its unconstitutional feature. In Matter of Daniel C. (supra), the Appellate Division, Second Department, stated that, "[t]he [void-statute] exception is available if the statute can be found unconstitutional as to others not before the court and the constitutional and unconstitutional features cannot be meaningfully severed, thus rendering the entire statute invalid.” (Matter of Daniel C., at 43.) The Appellate Division, Second Department, goes on to state: "if the constitutional sections cannot be given legal effect without the unconstitutional ones or when the valid operation of the statute is so restricted by nullification of the unconstitutional feature that the Legislature would not have intended the valid provisions to stand with the invalid provisions stricken” then the statute can be rendered unconstitutional. (Matter of Daniel C., at 43.)
The court finds that the void-statute exception is not applicable in this case, and therefore there must be an "injury-in-fact” or aggrieved party before this court can properly determine if the subject statute is or is not constitutional.
Since the Hearing Examiner raised the issue of the constitutionality of Family Court Act § 449 (2), sua sponte, after the respondent waived his right to raise the issue of unconstitutionality, the court reverses the Hearing Examiner’s order, dated July 24, 1992, and finds that the order of support should be made retroactive from the earlier of the date of the filing of the petition, or, the date for which the children’s eligibility for public assistance was effective. The court will not address petitioner’s objections to the Hearing Examiner’s finding that the subject statute is constitutionally infirm as being violative of the Due Process and Equal Protection Clauses, absent these issues being raised by a properly aggrieved party.
This matter is remanded back to the Hearing Examiner to amend her order of support in accordance with this decision.